361 So.2d 408 (1978)
Edmond J. FARRELL, III, Petitioner,
v.
AMICA MUTUAL INSURANCE COMPANY and American Mutual Liability Company and Industrial Relations Commission, Respondents.
No. 51825.
Supreme Court of Florida.
July 27, 1978.
*409 Julian L. Miller of Miller & Anderson, St. Petersburg, for petitioner.
No appearance, for respondents.
SUNDBERG, Justice.
We are here presented with the question whether the Industrial Relations Commission has the authority to vacate an otherwise final order of the Commission entered some five months before, where the motion for relief from the original order is made approximately four months from the date the order became final. We hold that the Commission has no such authority. Jurisdiction vests in this Court pursuant to Article V, Section 3(b)(3), Florida Constitution, and Section 440.27, Florida Statutes (1975).
The cause arrives at this Court via a rather tortuous and extraordinary route. Hearing on petitioner's claim for compensation was held before the Judge of Industrial Claims on April 2, 1976. On April 20, 1976, the Judge of Industrial Claims directed a letter to counsel for the employer/carrier requesting that counsel submit a proposed draft for the Judge's consideration wherein he would recite certain findings and deny compensability on the claim. The only response to the letter of direction from the Judge of Industrial Claims appearing in the record is a letter from the attorney for the employer/carrier dated July 30, 1976, wherein that counsel advised that he had not been able to draft a proposed order due to the press of other business. After five months without any other response and in preparation for drafting the necessary order without the aid of counsel, the Judge of Industrial Claims reviewed, in detail, the materials which composed the record of the cause. Upon that review the Judge concluded that the claim was compensable and, accordingly, entered an order on November 18, 1976, awarding benefits to the claimant.
The record reflects that counsel for the employer/carrier under date of December 7, 1976, mailed to the Industrial Relations Commission in Tallahassee, Florida, an original and two copies of an Application for Review. The Application for Review was not received by the Industrial Relations Commission in Tallahassee, Florida, until December 10, 1976, a date beyond the time period prescribed by Section 440.25(4)(a), Florida Statutes (1975). Consequently, by order entered December 15, 1976, the Application for Review was dismissed by the Industrial Relations Commission. It should *410 be noted that a carbon copy of the transmittal letter to the Industrial Relations Commission dated December 7, 1976, together with a copy of the Application for Review, was directed to the office of the Judge of Industrial Claims. On a date prior to May 11, 1977, counsel for the employer/carrier ascertained that, in fact, the copy of the Application for Review directed to the office of the Judge of Industrial Claims had been received by that office on December 8, 1976, which constituted a timely and appropriate filing under Section 440.25(4)(a), Florida Statutes (1975). Thereupon counsel for the employer/carrier filed with the Industrial Relations Commission on May 13, 1977, a motion for relief from the Commission's order of December 15, 1976, alleging the timely filing of Application for Review with the office of the Judge of Industrial Claims and asserting that the error, inadvertence and oversight had not been discovered until immediately prior to the filing of the motion for relief. After its search of the record which confirmed the timely filing with the office of the Judge of Industrial Claims, the Industrial Relations Commission on May 25, 1977, entered its order vacating the order of December 15, 1976.
Petitioner has timely filed a petition for certiorari in this Court to review the action taken by the Industrial Relations Commission in its order of May 25, 1977. We have had the benefit of neither a brief nor oral argument from counsel for the employer/carrier. However, counsel for the claimant/petitioner has both briefed and orally argued the cause in this Court.
The Industrial Relations Commission derives its very existence and authority from the legislature. Sections 440.25 and 440.45, Florida Statutes (1975). The Industrial Relations Commission is an administrative body possessing quasi-judicial power but it is not a court. Article V, Section 1, Florida Constitution. However, the Commission possesses certain procedural authority pursuant to Rules of Practice and Procedure adopted by this Court. See In re Florida Workmen's Compensation Rules of Procedure, 343 So.2d 1273 (Fla. 1977).
We have carefully scrutinized Chapter 440, Florida Statutes (1975), as well as Workmen's Compensation Rules of Procedure, and find no authority in the Commission by statute or rule to vacate an order rendered by it which has become final. An order of the Commission becomes final upon expiration of thirty days from its rendition unless an interested party files a petition for writ of certiorari in this Court in accordance with Section 440.27, Florida Statutes (1975). Section 440.25(4)(e), Florida Statutes (1975); Florida Rules of Appellate Procedure 9.110(b).
It is suggested that the Industrial Relations Commission is vested with inherent authority to correct a final order which was based on error of fact or was procured through fraud or the like just as a constitutional court prior to Florida Rules of Civil Procedure 1.540 could do through issuance of a writ of error coram nobis. The function of a writ of error coram nobis was to bring the attention of the court to a specific fact or facts then existing but not shown by the record and not known by the court or by the party or counsel at the trial, and being of such a vital nature that if known to the court in time would have prevented the rendition and entry of the judgment assailed. Lamb v. State, 90 Fla. 844, 107 So. 530 (1926). The writ of error coram nobis is a remedy known to the common law and was viable in the courts of this State by virtue of Section 2.01, Florida Statutes (1975), which provides:
The common and statute laws of England which are of a general and not a local nature ... [with an exception not material herein], down to the fourth day of July, 1776, are declared to be of force in this state; provided, the said statutes and common law be not inconsistent with the constitution and laws of the United States and the acts of the legislature of this state.
While the writ at common law was usually issued by the court of Kings Bench which is comparable in jurisdiction to our circuit court, it has been held that the authority *411 also reposed in other courts of record established from time to time by our Constitution. See Leavitt v. State, 116 Fla. 738, 156 So. 904 (1934). This is so because such courts are vested impliedly by the Constitution with such common law powers of procedure as are applicable to their jurisdiction as courts of record. And herein lies the difference between a court established by our Constitution and an administrative tribunal. The former enjoys common law powers of procedure because it is a court whereas the latter has no inherent authority as a tribunal of the common law. The Industrial Relations Commission in accordance with Article V, Section 1, Florida Constitution, exists and operates under a grant of quasi-judicial power from the legislature supplemented only by the rules of practice and procedure applicable to it adopted by this Court. No common law authority inheres in the Industrial Relations Commission.
Closely akin to the theory of a writ of error coram nobis is the contention that Florida Rule of Civil Procedure 1.540 supplies authority for the Industrial Relations Commission to vacate an order made final by operation of Chapter 440, Florida Statutes (1975). Although some of the provisions of the Florida Rules of Civil Procedure have been "borrowed" by the Workmen's Compensation Rules of Procedure (see, for example, Rules 2(a) and 9, W.C.R.P.), there has been no incorporation of the provisions, practice or procedure of Florida Rule of Civil Procedure 1.540 into the Workmen's Compensation Rules of procedure. In the absence of any expressed incorporation of a rule of civil procedure no implied application of such rule can be sanctioned. By their very terms the Florida Rules of Civil Procedure provided that "[t]hese rules apply to all suits of a civil nature and all special statutory proceedings in the circuit courts and civil courts of record and other trial courts except those to which the probate and guardianship rules or the summary claims procedure rules apply but the form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes governing the proceedings unless these rules specifically provide to the contrary." Fla.R.Civ.P. 1.010 (emphasis supplied).
There being no express, implied or inherent authority to support the action taken by the Industrial Relations Commission, the petition for writ of certiorari is granted and the order of the Industrial Relations Commission here under review is quashed.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD and ALDERMAN, JJ., concur.
OVERTON and HATCHETT, JJ., dissent.