386 So.2d 883 (1980)
MORGAN YACHT CORPORATION/BEATRICE FOODS and Gallagher Bassett Insurance Company, Appellants,
v.
Neil J. EDWARDS, Appellee.
No. QQ-149.
District Court of Appeal of Florida, First District.
August 18, 1980.
Thomas D. Masterson of Masterson, Rogers, Patterson, Masterson & Lowe, P.A., St. Petersburg, for appellants.
Neil J. Edwards, pro se.
MILLS, Chief Judge.
Appellants (E/C) appeal an order of a Judge of Industrial Claims denying their motion to set aside an order approving a settlement obtained by appellee's (claimant) fraud and misrepresentations because the Judge concluded he lacked authority to set aside the order. We do not agree and reverse.
Claimant injured his right shoulder in an industrial accident on 27 June 1978. The injury was diagnosed as a partial tear of the right rotator cuff. The shoulder injury, merging with a prior left arm amputation, resulted in claimant's being rated at 30% permanent partial disability of the body as a whole. He filed a claim for benefits.
Claimant and E/C reached a settlement by joint petition and stipulation agreeing to a 45% permanent partial disability to the body and $2,325 as future medical expenses. This stipulation was entered into based on the claimant's testimony that he had not previously had an injury to his right shoulder and that he was unable to find employment after 200 unsuccessful attempts. The settlement was approved at a hearing on 27 November 1978.
Subsequently, E/C learned that claimant had previously injured his right shoulder in an automobile accident and this injury had been diagnosed as a torn right rotator cuff. Also, at the time the joint petition and stipulation was entered, claimant was employed at an annual salary of $10,700.
Based on this information, E/C filed a motion to modify and/or rescind the joint petition and order because the settlement and the order based thereon resulted from claimant's misrepresentations. A hearing was held on E/C's motion. The JIC found that claimant lied at the settlement hearing about his employment status, the origin and *884 cause of his injury, fraudulently concealed the origin of his injuries, and fraudulently induced E/C to settle his claim. The JIC found however that he had neither statutory nor inherent authority to set aside a judgment obtained by fraud. E/C's motion was denied and dismissed with prejudice.
The order under attack clearly and unequivocally finds that the settlement and order approving the settlement were brought about by claimant's misrepresentations and fraud. It would be inconceivable to give a Judge of Industrial Claims authority to approve a settlement but no authority to rescind his action when it is based on misrepresentations and fraud.
It is our opinion that a Judge of Industrial Claims has this authority. Section 440.33(1), Florida Statutes (1977), provides that a Judge of Industrial Claims has authority to do all things conformable to law which may be necessary to discharge the duties of the office. Setting aside orders based on flagrant fraud and misrepresentations as present in this case is an authority granted by Section 440.33(1).
The order appealed is reversed and the order approving the settlement is vacated and set aside.
McCORD and BOOTH, JJ., concur.