461 So.2d 208 (1984)
FIRST NATIONAL BANK IN FORT MYERS, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION AND MARGARET Renz, Appellees.
No. BC-324.
District Court of Appeal of Florida, First District.
December 17, 1984.
Thomas A. Mickes and Robert L. Proost, of Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for appellant.
Geri Atkinson-Hazelton, Tallahassee, for Unemployment Appeals Comn.
Margaret E. Renz pro se.

ON MOTION TO DISMISS
PER CURIAM.
This cause comes before us on appeal from a final order of appellee, Florida Unemployment Appeals Commission (Commission). The Commission moves to dismiss this appeal on grounds the notice of appeal was not timely filed.
The final order in this matter was rendered September 5, 1984. Pursuant to Rule 9.110(b) and (c), Fla.R.App.P., appellant is required to file two notices of appeal. One notice is to be filed with the clerk of the lower tribunal, here, the clerk of the Commission. Where review of administrative action is sought, appellant is required to pay the fee and file a second notice of appeal with the reviewing court. Failure to file any notice within the 30-day period constitutes an irremediable jurisdictional defect. See Committee Notes to *209 Florida Rule of Appellate Procedure 9.110. Under Rule 9.040(h), Fla.R.App.P., failure to timely pay the filing fee or failure to timely file the second (additional) notice of appeal does not affect the jurisdiction of the reviewing court.
In the instant case, appellant filed a notice of appeal with the clerk of the Commission, which notice is stamped as being received October 8, 1984. An additional notice of appeal was filed with this court, it also was stamped as being received October 8, 1984. The Commission asserts the notices were not timely filed pursuant to Rule 9.110(b), Fla.R.App.P., which requires that a notice of appeal be filed within 30 days.
Appellant responds to the motion to dismiss and states the appeal was timely filed under Rule 9.110, Fla.R.App.P., because both notices of appeal were mailed October 3, 1984. Appellant points out that failure to timely file the second notice does not constitute a jurisdictional defect and cites to Rule 9.040(h), Fla.R.App.P. With this proposition, we have no quarrel. However, appellant further argues that its notice of appeal filed with the Commission was timely because it was mailed October 3, 1984, within the requisite 30-day period. In support of this position, appellant cites to Rule 38E-2.03(3), Fla. Admin. Code, which provides:
Applications filed by mail shall be considered to have been filed when deposited in a receptacle of the United States Postal Service. The postmark of the postal service shall be considered evidence of the date of posting.
Rule 38E-2.01, Fla. Admin. Code, entitled "Applicability" provides:
The rules set forth in this chapter shall govern the procedures to be used for bringing an appeal before the Unemployment Appeals Commission. (emphasis supplied)
Appellant has apparently overlooked Chapter 38E-3, Fla. Admin. Code, which deals with procedures for obtaining judicial review. Rule 38E-3.08, of that chapter, entitled "Filing Notice of Appeal" provides:
The notice of appeal of a commission order shall be filed with the clerk of the commission in accordance with the Florida Rules of Appellate Procedure. (emphasis supplied)
It is well settled that Rule 9.110(b), Fla. R.App.P., requires the notice of appeal to be filed, not mailed, within 30 days of rendition of the order to be reviewed. See Franchi v. Florida Department of Commerce, etc., 375 So.2d 1154 (Fla. 4th DCA 1979). As neither the notice filed with the clerk of the Commission, nor the notice filed with this court was filed within the requisite 30-day period, this court is without jurisdiction in this matter and the appeal is dismissed.
MILLS, SHIVERS and WENTWORTH, JJ., concur.