BARFIELD, Judge.
E.M. Scott Contractors and Great American Insurance Company, employer/carrier, appeal a final order of the deputy commissioner appointing an orthopedic surgeon to examine and treat Ed Baker, the claimant. We reverse.
On October 31, 1984, the deputy issued an order finding claimant not entitled to further chiropractic treatment and designating Dr. Harold Williamson, an orthopedic surgeon, to instruct claimant in Williams Flexion Exercises. No appeal was taken from that order. When it became apparent that Dr. Williamson did not wish to see him, claimant requested another orthopedic doctor.
After reviewing the file, the deputy apparently determined that Dr. Williamson had refused to treat claimant because of the way the order was worded. He set up an appointment for claimant with Dr. John C. Baker, another orthopedic surgeon, for February 14, 1985 and entered an order on February 8, 1985 appointing Dr. Baker to examine and treat the claimant “in such manner as he deems fit.” The employer/carrier received the deputy’s order on February 12 and the next day filed a motion to vacate the order, stating as grounds that the order awarded benefits not ever claimed, denied the employer/carrier the opportunity to present a defense, and was entered without a hearing on the issue.
The deputy’s order of February 8, 1985, from which this appeal is taken, states that the order of October 31, 1984, is vacated. The deputy commissioner did not have jurisdiction to vacate this order. A deputy commissioner has no authority to vacate an order which has become final, although he does have the authority, within the period before the order becomes final, to correct errors arising from inadvertence, mistake, or excusable neglect. Threat v. Rogers, 443 So.2d 149 (Fla. 1st DCA 1983).
After an order has become final, it may be modified upon a deputy’s own initiative, or upon the application of any party in interest, but only on the grounds *294 of a change in condition or a mistake in a determination of fact. Section 440.28, Florida Statutes. It is only by virtue of this section that a deputy commissioner is authorized to modify an order that has, by lapse of time, become final, and then only on the stated grounds. The modification procedure may not be used solely to obtain a new award, or as a vehicle to review an award which has become in all respects final. Sheets v. City of Miami, 111 So.2d 690 (Fla. 3rd DCA 1959). To the extent that the February 8 order is characterized as a modification of the October order, it is improper because there is no indication that it was based upon a change in claimant’s condition or a mistake in the deputy commissioner’s determination of fact.
If the claimant’s letter of January 30, 1985 is read as a “claim” for authorization of another orthopedic doctor to examine and treat claimant, and for a hearing on the matter, this new claim required the deputy, under Florida Statutes § 440.-25(3)(a) to hold a hearing, with adequate notice to the parties, before making a determination. No such hearing was held by the deputy. Instead, the deputy made an appointment with another orthopedic surgeon and drafted an order authorizing that surgeon to treat the claimant “as he deems fit.” Notwithstanding the deputy’s authority under § 440.13(3) to order a change in medical attention “for good cause shown,” the procedural requirements of § 440.25 must be followed in determining whether “good cause” has been shown for the change. Section 440.13(3) does not authorize a deputy commissioner to act without giving the parties an opportunity to be heard.
A comparison of the two orders indicates that the second order is not merely a clarification or correction of clerical errors, but is instead a broad authorization of treatment which was specifically not authorized in the first order. The cause is therefore REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN and JOANOS, JJ., concur.