ON MOTION TO DISMISS
DANIEL S. PEARSON, Judge.
This case is before us on the Department of Community Affairs’ motion to dismiss an administrative appeal as untimely. The appellant brought this appeal from a final agency order rendered September 3, 1986. Accordingly, the notice of appeal should have been filed no later than October 3, 1986.
The uncontroverted facts[1] reveal that on Friday morning, October 3, 1986, a secretary to appellant’s counsel in Miami, Florida, telephoned the Department’s clerk in Tallahassee, Florida, inquiring about the procedure for perfecting the appeal, and, more particularly, whether the notice of appeal would be considered timely if it arrived by express mail that same day, after normal working hours. The clerk advised the secretary that the Department would consider the appeal filed as of the postmark date if it were sent by certified mail. Appellant’s counsel then proceeded in accordance with those instructions, and the notice of appeal was sent by certified mail postmarked October 3, 1986. The notice was delivered to and received by the Department on the next work day, Monday, October 6, 1986.
The question presented by the Department’s motion to dismiss is whether this court has jurisdiction over an appeal where the untimeliness of the filing is caused by a state functionary misleading appellant’s counsel about the appropriate filing procedure; and, if not, whether the appellant is foreclosed from other avenues which might lead to review of the agency order. We hold that we have no jurisdiction over the untimely appeal, notwithstanding the circumstances described, but that our dismissal of the appeal does not foreclose the appellant from seeking other relief from the Department.
It is well settled that in order to invoke this court’s jurisdiction, the notice of appeal must be timely filed — not merely mailed — within thirty days of the rendition of the order to be reviewed. First National Bank v. Florida Unemployment Appeals Commission, 461 So.2d 208 (Fla. 1st DCA 1984); Bouchard v. State of Florida, Department of Business Regulation, Division of Alcoholic Beverages & Tobacco, 448 So.2d 1126 (Fla. 2d DCA 1984); Speed v. Florida Department of Legal Affairs, 387 So.2d 459 (Fla. 1st DCA 1980). And, although the untimely filing may be attributable to the wrongful act or misconduct of a state functionary, the appellate court is nonetheless precluded from exercising jurisdiction over the appeal. State ex rel. Ervin v. Smith, 160 So.2d 518 (Fla.1964).
It is, however, also well-settled that where state action deprives a party of the ability to file a timely notice of appeal, the appellate court, although deprived of jurisdiction over the appeal, will provide the thus-rejected appellant with an alternative *330 avenue of review. E.g., Snelson v. Snelson, 440 So.2d 477 (Fla. 5th DCA 1983) (although lack of notice of entry of trial court’s order did not extend jurisdictional time limit for appeal, dismissal of appeal was without prejudice to motion under Florida Rule of Civil Procedure 1.540(b) to set aside order and request that new ap-pealable order be entered); Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980) (trial court abused discretion when, after failing to send copies of final judgment to parties, it denied motion for relief from judgment that would allow party to take timely appeal); Woldarsky v. Woldarsky, 243 So.2d 629 (Fla. 1st DCA 1971) (where party had no notice of order’s entry, trial court had jurisdiction to re-enter order to allow timely appeal therefrom); State ex rel. Ervin v. Smith, 160 So.2d 518 (where state prisoner’s untimely filing of notice of appeal is caused by prison official’s failure to mail notice within reasonable time, appeal dismissal for lack of jurisdiction without prejudice to apply to district court of appeal for habeas corpus relief); Burke v. State, 160 So.2d 523 (Fla. 1st DCA 1964) (same). See also Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967). It would be anomalous indeed if similar relief were unavailable to one appealing an administrative determination merely because the procedure governing administrative matters contains neither a counterpart to Florida Rule of Civil Procedure 1.540 nor anything resembling the great writ. Therefore, although we dismiss this appeal, we do so without prejudice to the appellant to apply to the Department to vacate and re-enter the operative order. If the Department acts favorably upon such application, the appellant may timely appeal the re-entered order and thereby challenge the merits of the original adverse agency action. If the Department refuses to vacate the order, then the appellant may appeal that ruling.
Appe'al dismissed.

. The facts are supplied in (1) appellant's response to the motion to dismiss, appended to which is a copy of the long distance telephone log of appellant’s counsel, which confirms the telephone call of October 3, 1986, and copies of the postmarked receipt for certified mail and the postmarked delivery receipt; and (2) an affidavit of the secretary to appellant’s counsel, with similar attachments.