SMITH, Judge.
National Healthcorp (National) appeals a final order of the Department of Health and Rehabilitative Services (HRS) rejecting four of its certificate of need (CON) applications without review, because the project costs in the applications exceeded the project costs set forth in the respective letters of intent. We reverse.
National filed letters of intent to develop and operate nursing home facilities in Bay, Gadsden, Volusia and Lee Counties. The CON applications for these projects were required to be filed by June 1, 1988. Shortly before, on May 25, 1988, an HRS employee wrote a letter to National advising National that its applications would not be accepted if the proposed project costs in the applications exceeded the proposed project costs set forth in the letters of intent. National did not receive this letter until June 1, 1988, after its CON applications were mailed by overnight mail on May 31, 1988, to HRS. In each of the four applications, the estimated project costs exceeded the proposed capital expenditures set forth in the respective letters of intent. On June 3, 1988, National filed documents with HRS to reflect changes in the estimated project costs to conform with HRS’s policy. However, HRS refused to accept the four CON applications and would not permit National to amend or correct its applications. National requested a formal administrative hearing pursuant to section 120.57, Florida Statutes, challenging the rejection of its applications. At the same time, National filed a challenge to HRS’s policy contending it was an invalid unpro-mulgated rule.[1] The two proceedings were *1185 consolidated and heard by the same hearing officer.
In the 120.57 proceeding, the hearing officer found that HRS’s non-rule policy had not been explicated, supported and defended by an adequate record foundation so that HRS could not apply this policy to National. Accordingly, the hearing officer recommended that HRS accept National’s applications for review in the May/June 1988 nursing batching cycle. In his recommended order, the hearing officer recognized that although there is currently no statute or rule specifically prohibiting the needed capital expenditures in the CON application from exceeding the proposed capital expenditures in the letter of intent, HRS’s policy was a permissible construction of the newly amended provisions of sections 381.707 and 381.709, Florida Statutes (1979). Even so, the hearing officer concluded, HRS was required to explicate, support and defend by adequate record foundation its policy, which it failed to do in this ease. Subsequently, HRS entered its final order adopting the hearing officer’s findings of fact but concluding that it was not required to provide a rational basis for application of its policy because its policy was based upon an admittedly permissible interpretation of sections 381.707 and 381.709.
This main issue in this case, HRS’s refusal to accept the applications, is controlled by our decision in St. Francis Hospital v. Department of Health and Rehabilitative Services, 553 So.2d 1351 (Fla. 1st DCA 1989), filed this same day. Reversal is therefore required. However, there is an additional issue not present in St. Francis which requires further elaboration. While National was awaiting the hearing officer’s recommended order in this case, HRS continued with its review of the June 1988 batching cycle. Four unsuccessful CON applicants for nursing homes in Bay, Gadsden, Lee and Volusia Counties requested 120.57 proceedings on the denial of their CON applications. National moved to intervene in all four proceedings, but HRS denied National’s motions for lack of standing. Some, if not all, of these four CON proceedings have proceeded to final adjudication, and CON’s are either expected to be or have already been issued. For one reason or another, National did not pursue its legal remedies in these other CON proceedings.
In this appeal, National contends that this court has jurisdiction to require HRS to annul the CONs issued to the other June 1988 applicants because they were unlawfully issued and cancellation or annulment would be proper. We disagree. National should have pursued its legal remedies in the other four CON cases by appealing the final orders in those cases, arguing that its petitions to intervene should not have been denied. See Boca Raton Artificial Kidney Center v. Florida Department of Health and Rehabilitative Services, 475 So.2d 260 (Fla. 1st DCA 1985), and Charter Medical-Jacksonville v. Community Psychiatric Centers of Florida, 482 So.2d 437 (Fla. 1st DCA 1985).
There is some intimation in National’s arguments that HRS did not provide it with timely copies of the final orders in some of these CON proceedings. If that is the case, National’s proper remedy is to apply to the agency to vacate and reenter the operative order which National can then appeal. New Washington Heights Community Development Conference v. Department of Community Affairs, 515 So.2d 328 (Fla. 3d DCA 1987) (where state action deprived appellant of ability to file timely administrative appeal, untimely appeal would be dismissed without prejudice to appellant to apply to administrative agency to vacate and reenter operative order from which appellant could then timely file appeal).
REVERSED and REMANDED for proceedings consistent with this opinion.
THOMPSON and MINER, JJ., concur.

. Untimately, the hearing officer entered a separate final order determining that HRS’ policy was an invalid, unpromulgated rule. National Healthcorp, L.P. v. HRS, 11 FALR 359 (HRS 1989). HRS did not appeal this final order.