589 So.2d 961 (1991)
COCA COLA FOODS and GAB, Appellants,
v.
Olivo CORDERO, Appellee.
No. 91-2594.
District Court of Appeal of Florida, First District.
November 4, 1991.
Ronald S. Webster of Whittaker, Stump, Webster & Miller, Orlando, for appellants.
John D. Kaylor, Winter Haven and Bill McCabe, Longwood, for appellee.
PER CURIAM.
Upon the court's own motion, we dismiss this appeal for failure to timely file the notice of appeal.
Appellant filed a notice of appeal on August 12, 1991. This is a workers' compensation case and the notice of appeal stated that the order being appealed was dated May 15, 1991, and mailed to the parties by the Judge of Compensation Claims on May 15, 1991. In workers' compensation cases, to be timely, a notice of appeal must be filed within 30 days from the date the order is mailed by the JCC to the parties.[1] Fla. W.C.R.P. 4.160(a). Since it appeared the notice of appeal was not timely filed, we issued an order to show cause why the appeal should not be dismissed.
Appellants have filed a response in which they assert the notice filed on August 12, 1991, was the second notice they had sent to the JCC.[2] Appellants assert that a notice of appeal was timely mailed to the JCC on June 5, 1991. Appellants have attached a copy of that notice which has a certificate of service dated June 5. A cover *962 letter addressed to the JCC and dated the same date is also attached. Appellants have also attached a notice of appearance of co-counsel for appellee, which is dated June 18, 1991.[3] Appellants argue this is further evidence that the notice was timely mailed because appellee's counsel obviously received the first notice.
Appellants state they did not know the first notice had "not been received or had been misplaced by the [JCC] until a telephone call was received on August 8, 1991" from the JCC's office. Appellants state that upon being informed of the missing notice they promptly sent a second notice on August 8, 1991. As noted, that notice was received August 12, 1991. Appellants argue that appellee has not been prejudiced by failure of the JCC to find the original notice of appeal. Appellants ask that the appeal not be dismissed because "appellants have followed all procedures appropriately."
It is well settled that to be timely a notice of appeal must be filed in the appropriate court within the appropriate time period. E.g., Lampkim-Asam v. District Court of Appeal, 364 So.2d 469 (Fla. 1978); New Washington Heights Community Development Conference v. Department of Community Affairs, 515 So.2d 328 (Fla. 3d DCA 1987); First National Bank v. Florida Unemployment Appeals Commission, 461 So.2d 208 (Fla. 1st DCA 1984). Mailing the notice within the time period is not sufficient. First National Bank v. Florida Unemployment Appeals Commission, 461 So.2d at 209. If the notice is not timely filed, we lack jurisdiction and must dismiss the appeal. Id. at 209.
We do not doubt that appellants mailed the notice of appeal in a timely manner as sworn to by appellants' counsel. However, the fact and date of mailing is irrelevant. The only date that counts is the date the notice of appeal was filed with the JCC. Appellants have submitted nothing to this court that shows the JCC received the notice within the 30-day period for filing the notice. Although there is a vague reference to the JCC being unable to find the notice, that does not mean to us that the first notice was received and lost, but merely means it was not received.
We take no pleasure in dismissing this appeal. But, as noted, we have no choice. We cannot stress strongly enough that counsel must insure the notice of appeal is filed in a timely manner. Reliance upon the mail is not well founded.[4]
Accordingly, we hereby dismiss this appeal for failure to timely file the notice of appeal.
JOANOS, C.J., and SMITH and ZEHMER, JJ., concur.
NOTES
[1] The notice can be filed either with the JCC or this court. Fla.W.C.R.P. 4.160(a).
[2] Appellant's response includes an affidavit of appellants' counsel swearing that facts set forth in the response are true.
[3] That notice was originally received by this court on June 20, 1991, but returned to counsel because we did not have, at that time, any record of this case.
[4] By our citation to New Washington Heights, we express no opinion about whether a procedure such as the one suggested by the Court in that case would be available to appellants in this case, as a means to avoid the effect of this dismissal.