PER CURIAM.
This workers’ compensation cause is before us on appeal from an order of a successor judge of compensation claims (JCC) correcting the original JCC’s final order awarding benefits to appellee Smith. Over a year after the original JCC’s final order became final by operation of section 440.25(4)(a), Florida Statutes (1991),[1] Smith filed a motion to correct scrivener’s error on April 20,1993, asserting that Breen, as the owner of X-tra Pizza, was also Smith’s employer, and requesting that references to Breen as “owner” in the final order be corrected to read “owner/employer.” A successor JCC[2] held a hearing on Smith’s motion and shortly thereafter issued a corrected final order identifying Breen as “owner/employer.”
Because the original JCC’s final order was not appealed before it became final, neither the original nor the successor JCC retained jurisdiction to vacate, amend, or correct clerical errors therein. See Fla.R.Work. Comp.P. 4.141(b) (providing that at the JCC’s discretion, an order not yet final by operation of section 440.25, Florida Statutes, may be either vacated or amended at either the JCC’s own initiative or pursuant to a motion for rehearing); Fla.R.Work.Comp.P. 4.141(c), 4.160(h)(3), and 4.165(g) (providing that if an order is appealed before becoming final, the JCC retains jurisdiction to correct clerical errors at any time before the record is filed with the district court); see also Polk County Board of County Commissioners v. Patterson, 433 So.2d 1298, 1299 (Fla. 1st DCA 1983) (affirming deputy commissioner’s assessment of attorney fees, holding that “[i]f the deputy’s ruling upon that issue was unintended by the parties, or was otherwise inadvertent, that oversight might and should have been brought to the deputy’s attention within 30 days after the order was mailed, before it became final” under section 440.25(4)(a)); Stone & Webster v. McCray, 377 So.2d 30, 31 (Fla. 1st DCA 1979) (quashing judge of industrial claim’s order vacating and republishing prior order, holding that “[t]he earlier order had become final and the judge was without jurisdiction to amend, vacate, or republish it.”).
Moreover, we cannot construe the successor JCC’s correction to have been a modification under section 440.28, Florida Statutes (1991). By its very terms, Smith’s motion to correct scrivener’s error merely requested the correction of a clerical mistake; it did not allege a change in condition or mistake in a determination of fact required by section 440.28.
Absent any statutory or rule authority to do so, the successor JCC in the present case did not have jurisdiction to correct the original JCC’s final order pursuant to Smith’s motion to correct scrivener’s error filed over one year after the original final order became final under section 440.25(4)(2). We therefore reverse the successor JCC’s corrected final order, and remand with directions that the original JCC’s final order be reinstated.
REVERSED AND REMANDED WITH DIRECTIONS.
BOOTH, ALLEN and BENTON, JJ., concur.

. Section 440.25(4)(a), Florida Statutes (1991), provides in Ml:
Beginning on October 1, 1979, procedures with respect to appeals from orders of judges of compensation claims shall be governed by rules adopted by the Supreme Court. Such an order shall become final 30 days after mailing of copies of such order to the parties, unless appealed pursuant to such rules.

. The record does not reveal when, why, or how this case was transferred from the original JCC to the successor JCC.