655 So.2d 104 (1994)
Roy MILLINGER, Appellant/Cross-Appellee,
v.
BROWARD COUNTY MENTAL HEALTH DIVISION AND RISK MANAGEMENT, Appellee/Cross-Appellant.
No. 93-2311.
District Court of Appeal of Florida, First District.
December 20, 1994.
Corrected Opinion Denying Rehearing April 24, 1995.
Richard Berman, Lauderhill, and Jay M. Levy, P.A., Miami, for appellant.
Barbara B. Wagner, Deerfield Beach, for appellee.
PER CURIAM.
Broward County Mental Health, cross-appellant in this appeal, contends the judge of compensation claims ("JCC") was without jurisdiction to vacate and re-enter his final order to permit Millinger, the claimant and cross-appellee on this jurisdictional issue, another opportunity to timely file his appeal. We agree with cross-appellant, and therefore vacate the judge's order and dismiss this appeal. In doing so we certify a possible conflict with New Washington Heights v. Department of Community Affairs, 515 So.2d 328 (Fla. 3d DCA 1987).
Millinger's initial appeal to this court was untimely filed. He filed a Motion for Extension/Motion for Remand with this court, asserting the notice had been filed late due to reliance on representations from the office of the clerk of this court, and seeking either an extension of time to file the notice of appeal or dismissal without prejudice and remand to the JCC to determine whether there had been excusable neglect pursuant to Fla. R.Civ.P. 1.540. This court denied the motion and dismissed the appeal, citing Coca Cola Foods v. Cordero, 589 So.2d 961 (Fla. 1st DCA 1991).
Millinger subsequently filed with the JCC a motion to vacate the final order. His attorney submitted the affidavit of his secretary to the effect that she had been instructed by the clerk's office that the notice of appeal would be considered timely if postmarked by the 30th day. At hearing, Millinger's attorney stated he knew the notice had to be filed by the 30th day and gave his secretary appropriate instructions, but she took it upon herself to call the court. He indicated the notice of appeal was prepared and mailed to this court several days in advance of the due date.[1] The JCC found that the late filing of the appeal "was the direct result of misrepresentations of a state functionary within the meaning of New Washington Heights," set aside his previous order, and re-entered the same order so that Millinger could again attempt to file a timely appeal. The JCC noted that while this matter might not be expressly within the authority provided by statute, he had inherent jurisdiction to correct mistakes of judicial officials.
*105 In New Washington Heights, appellant's attorney's secretary was misinformed by the Department of Community Affairs' ("Department") clerk as to the correct procedure for filing an appeal from a final agency order, and the appeal was not timely filed. The Third DCA held it had no jurisdiction over the untimely appeal, but noted that its dismissal would not foreclose the appellant from seeking other relief from the Department. The court stated it is "also well-settled that where state action deprives a party of the ability to file a timely notice of appeal, the appellate court, although deprived of jurisdiction over the appeal, will provide the thus-rejected appellant with an alternative avenue of relief." The court also stated "[i]t would be anomalous indeed if similar relief were unavailable to one appealing an administrative determination merely because the procedure governing administrative matters contains neither a counterpart to Florida Rule of Civil Procedure 1.540 nor anything resembling the great writ." Finally, the court dismissed the appeal without prejudice to the appellant to apply to the Department to vacate and re-enter the final order.
We recognize that the factual situation presented in the present case is similar to that in New Washington Heights[2]; however, we believe this case is controlled by Farrell v. Amica Mutual Insurance Co., 361 So.2d 408 (Fla. 1978), and subsequent cases from this court.
In Farrell, the Industrial Relations Commission ("IRC") had vacated its order of dismissal which had become final five months earlier. The supreme court noted that the IRC "derives its very existence and authority from the legislature," and although an administrative body with quasi-judicial power, it was not a court. The supreme court rejected the argument that the IRC had inherent power to correct a final order based on an error of fact, and rejected the argument that Fla.R.Civ.P. 1.540 supplied authority for it to vacate a final order:
Although some provisions of the Florida Rules of Civil Procedure have been "borrowed" by the Workmen's Compensation Rules of Procedure ... there has been no incorporation of the provisions, practices or procedure of Florida Rule of Civil Procedure 1.540 into the Workmen's Compensation Rules of procedure. In the absence of any expressed incorporation of a rule of civil procedure no implied application of such rule can be sanctioned.
The supreme court concluded there was no express, implied or inherent authority of the IRC to vacate the order which had become final. Although Farrell involved the IRC and the present case involves a JCC, the same rationale applies here. See, e.g., Threat v. Rogers, 443 So.2d 149 (Fla. 1st DCA 1983), citing Farrell.
In addition, a number of subsequent cases from this court have held, consistent with Farrell, that absent statutory or rule authority, a JCC, or the equivalent, does not have jurisdiction to vacate an order that has become final.[3]See Breen v. Smith, 644 So.2d 183 (Fla. 1st DCA 1994); Dowd v. Sun-Crete Construction Co., 582 So.2d 83 (Fla. 1st DCA 1991); Stone & Webster Engineering Co. v. McCray, 377 So.2d 30 (Fla. 1st DCA 1979). See also E.M. Scott Contractors v. Baker, 479 So.2d 292 (Fla. 1st DCA 1985) ("[a] deputy commissioner has no authority to vacate an order which has become final, although he does have the authority, within the period before the order becomes final, to correct *106 errors arising from inadvertence, mistake, or excusable neglect").[4]
Because the JCC did not have statutory or rule authority or inherent jurisdiction to vacate the order which had become final, we VACATE the order under review and DISMISS this appeal.
ERVIN, JOANOS and BARFIELD, JJ., concur.

CORRECTED OPINION ON MOTION FOR REHEARING
PER CURIAM.
Appellant asserts this court in its opinion overlooked or misapprehended the effect of National Healthcorp v. Department of Health and Rehabilitative Services, 560 So.2d 1184 (Fla. 1st DCA 1989), in which this court cited New Washington Heights v. Department of Community Affairs, 515 So.2d 328 (Fla. 3d DCA 1987). Although not discussed in the opinion, the court did not overlook or misapprehend National Healthcorp., rather we concluded we are bound by Farrell v. Amica Mutual Insurance Co., 361 So.2d 408 (Fla. 1978), and subsequent cases decided by this court, cited in our opinion, in the workers' compensation context.
The motion for rehearing is DENIED.
ERVIN, JOANOS and BARFIELD, JJ., concur.
NOTES
[1] Fla.R.Work.Comp.P. 4.165 provides: "An order of a judge of compensation claims may be appealed to the district court by filing a written notice of appeal with the district court or with any judge of compensation claims within 30 days from the date the judge's order is mailed to the parties."
[2] We also note that in the cases cited in New Washington Heights, 515 So.2d at 330, the trial court or a state official had failed to notify the appellant of entry of the final order sought to be appealed, or for some reason the appellant had not been notified of entry of the final order, which presents a somewhat different situation than the present case.
[3] We do not believe authority for the JCC's action can be found in Morgan Yacht Corp. v. Edwards, 386 So.2d 883 (Fla. 1st DCA 1980). That case and those that follow it appear to be limited to the specific situation where there has been a stipulation procured by fraud, which can be addressed by way of a petition for modification. See, e.g., Atlantis Nursing Center v. Drinkwater, 616 So.2d 627 (Fla. 1st DCA 1993), citing Morgan Yacht and Oakdell, Inc. v. Gallardo, 505 So.2d 672 (Fla. 1st DCA 1987); and Metropolitan Dade County v. Barry, 614 So.2d 666 (Fla. 1st DCA 1993).
[4] Fla.R.Work.Comp.P. 4.141(b), which addresses the JCC's authority to amend or vacate orders, specifically provides that the JCC may vacate or amend an order which is not yet final by operation of section 440.25, Fla. Stat.

Section 440.25 provides: "Beginning on October 1, 1979, procedures with respect to appeals from orders of judges of compensation claims shall be governed by rules adopted by the Supreme Court. Such an order shall become final 30 days after mailing of copies of such order to the parties, unless appealed pursuant to such rules."