672 So.2d 24 (1996)
Roy MILLINGER, Petitioner,
v.
BROWARD COUNTY MENTAL HEALTH DIVISION AND RISK MANAGEMENT, Respondent.
No. 85343.
Supreme Court of Florida.
March 14, 1996.
Richard Berman, Lauderhill, and Jay M. Levy of Jay M. Levy, P.A., Miami, for Petitioner.
Barbara B. Wagner, Deerfield Beach, for Respondent.
PER CURIAM.
We have for review Millinger v. Broward County Mental Health Division and Risk Management, 655 So.2d 104 (Fla. 1st DCA 1994), which expressly and directly conflicts with the opinion in New Washington Heights Community Development Conference v. Department of Community Affairs, 515 So.2d 328 (Fla. 3d DCA 1987). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We recognize conflict on the general issue of whether an administrative agency has the inherent authority to grant relief under circumstances like those in the instant case. While we find that an administrative agency may have jurisdiction to grant relief in certain instances, the circumstances of this case were not sufficient to allow the Judge of Compensation *25 Claims (JCC) to vacate and reenter his final order to allow Millinger a second opportunity to timely file an appeal in the district court.

FACTS
Petitioner Millinger filed a worker's compensation claim on November 25, 1991, and the parties litigated the issue of compensability before the Judge of Compensation Claims (JCC). The JCC entered an order denying Millinger's claim for compensation on January 27, 1993. The order was timely provided to Millinger and became final on February 26, 1993.
Millinger mailed his notice of appeal to the First District Court on February 24, 1993, two days before the expiration of the thirty-day filing period. The notice of appeal was received and filed at the First District on March 2, 1993, well after the expiration of the filing period. Millinger then filed a "Motion for Extension or in the Alternative Motion for Remand" in the district court requesting that the appeal be accepted as timely or, in the alternative, that the case be remanded to the JCC to determine whether excusable neglect existed so as to allow the JCC to vacate and reenter the already final order of January 27, 1993.[1] The motion was accompanied by an affidavit of Millinger's counsel's legal secretary attesting that she called the Office of the Clerk of the First District Court of Appeal and was informed by an unknown employee that Millinger's notice of appeal would be timely filed so long as it was postmarked within the thirty-day filing period. On April 4, 1993, the First District entered an order denying Millinger's motion and dismissing the appeal as untimely.
Millinger then filed with the JCC a "motion for rehearing and motion to vacate" based on the same grounds asserted in Millinger's earlier motion in the First District. At the hearing on the motion, counsel acknowledged that he was aware of the necessity for actually filing the appeal within thirty days and had instructed his staff on this point. His secretary acted on her own in contacting the clerk's office of the First District. Following a hearing on the motion, the JCC vacated his original order of January 27, 1993, and reentered an identical order on June 30, 1993, to allow Millinger an opportunity to appeal. Millinger then timely appealed the June 30th order to the First District, challenging the JCC's denial of his claim for compensation. Respondent cross-appealed, challenging the JCC's grant of Millinger's motion to vacate the original order of January 27, 1993. On appeal, the First District held the JCC was without jurisdiction to vacate and reenter the final judgment to allow Millinger an opportunity to timely file an appeal.

NEW WASHINGTON HEIGHTS
Millinger contends that the JCC had authority to vacate and reenter his final order to preserve his appellate rights because, under New Washington Heights Community Development Conference v. Department of Community Affairs, 515 So.2d 328 (Fla. 3d DCA 1987), an administrative agency has jurisdiction to restart the appellate clock when reliance upon the instructions of a state functionary cause a notice of appeal to be untimely filed. The facts of New Washington Heights are similar to the facts in this case:
[O]n Friday morning, October 3, 1986, a secretary to appellant's counsel in Miami, Florida, telephoned the Department [of Community Affairs'] clerk in Tallahassee, Florida, inquiring about the procedure for perfecting the appeal, and, more particularly, whether the notice of appeal would be considered timely if it arrived by express mail that same day, after normal working hours. The clerk advised the secretary that the Department would consider the appeal filed as of the postmark date if it were sent by certified mail. Appellant's counsel then proceeded in accordance with those instructions, and the notice of appeal was sent by certified mail postmarked October 3, 1986.
*26 Id. at 329. In dismissing the untimely appeal, the Third District noted that the appellant was not without a remedy:
It is, however, also well-settled that where state action deprives a party of the ability to file a timely notice of appeal, the appellate court, although deprived of jurisdiction over the appeal, will provide the thus-rejected appellant with an alternative avenue of review. It would be anomalous indeed if similar relief were unavailable to one appealing an administrative determination merely because the procedure governing administrative matters contains neither a counterpart to Florida Rule of Civil Procedure 1.540 nor anything resembling the great writ. Therefore, although we dismiss this appeal, we do so without prejudice to the appellant to apply to the Department to vacate and re-enter the operative order. If the Department acts favorably upon such application, the appellant may timely appeal the re-entered order and thereby challenge the merits of the original adverse agency action.
Id. at 329-30 (citations omitted).
We find that the reasoning of the opinion in New Washington Heights is not dispositive of this case for at least two reasons. First, Millinger's untimely notice of appeal in this case was not the direct result of misrepresentations of a state official. Attorneys cannot escape procedural errors by claiming reliance on the advice of a court clerk. See United States v. Heller, 957 F.2d 26, 30 (1st Cir.1992); Neeley v. Murchison, 815 F.2d 345, 347 (5th Cir.1987); Spinetti v. Atlantic Richfield Co., 552 F.2d 927 (Temp.Emer.Ct.App.1977).
Second, it was both inappropriate and unnecessary for counsel's secretary to call the court clerk for legal advice. Florida Rule of Appellate Procedure 4.165(a) clearly states:
An order of a judge of compensation claims may be appealed to the district court by filing a written notice of appeal with the district court or with any judge of compensation claims within 30 days from the date the judge's order is mailed to the parties.
(Emphasis added.) It is a settled rule of law that mailing, as opposed to filing, a notice within the thirty-day filing period is insufficient to preserve appellate rights. Coca Cola Foods v. Cordero, 589 So.2d 961, 962 (Fla. 1st DCA 1991); First Nat'l Bank v. Florida Unemployment Appeals Comm'n, 461 So.2d 208 (Fla. 1st DCA 1984). Moreover, Millinger's counsel admitted that he knew the notice had to be filed in the district court within the thirty-day filing period. Millinger, 655 So.2d at 104. It was counsel's responsibility to adequately supervise and instruct his staff to ensure that Millinger's notice of appeal was timely filed.
Consequently, we find that the facts of this case are not sufficient to allow the JCC to vacate and reenter his final order. Rather, we find that the First District correctly relied on Farrell v. Amica Mutual Insurance Co., 361 So.2d 408 (Fla.1978). In Farrell, we held that the JCC was without authority to vacate an otherwise final order entered five months previously where the motion for relief from the order was made approximately four months from the date on which the order became final. Id. at 411. We stated:
The [JCC] derives its very existence and authority from the legislature. §§ 440.25 and 440.45, Florida Statutes (1975). The [JCC] is an administrative body possessing quasi-judicial power but it is not a court. However, the Commission possesses certain procedural authority pursuant to Rules of Practice and Procedure adopted by this Court.
We have carefully scrutinized Chapter 440, Florida Statutes (1975), as well as Workmen's Compensation Rules of Procedure, and find no authority in the Commission by statute or rule to vacate an order rendered by it which has become final.
Id. at 410 (citations omitted). We concluded the JCC did not have authority to vacate a final order because that power had not been granted to it by the legislature or rules of procedure.[2] In light of Farrell`s binding *27 authority, we find that the First District correctly determined that the JCC in this case was not vested with the authority to vacate and reenter his final order.

SECTION 440.33(1), FLORIDA STATUTES (1993)
Alternatively, Millinger asserts that the JCC had inherent authority to vacate and reenter his final order pursuant to section 440.33(1), Florida Statutes (1993), which states:
The judge of compensation claims may preserve and enforce order during any such proceeding; issue subpoenas for, administer oaths or affirmations to, and compel the attendance and testimony of witnesses, or the production of books, papers, documents, and other evidence, or the taking of depositions before any designated individual competent to administer oaths; examine witnesses; and do all things conformable to law which may be necessary to enable him effectively to discharge the duties of his office.

(Emphasis added.) In Morgan Yacht Corp. v. Edwards, 386 So.2d 883, 884 (Fla. 1st DCA 1980), section 440.33(1) was interpreted as giving a JCC the authority to rescind his approval of a settlement upon discovering that the settlement was based on the claimant's "flagrant fraud and misrepresentations." Id. at 884; see also Atlantis Nursing Center v. Drinkwater, 616 So.2d 627 (Fla. 1st DCA 1993); Oakdell, Inc. v. Gallardo, 505 So.2d 672 (Fla. 1st DCA 1987).
Millinger asserts that, because there is no qualitative difference between Morgan Yacht and this case, the JCC had authority under section 440.33(1) to vacate and reenter his order to preserve Millinger's appellate rights. We disagree. In this case, Millinger did not miss his deadline to appeal the JCC's order due to fraud or deliberate deception. Rather, as the First District noted, Millinger's counsel "knew the notice had to be filed by the 30th day and gave his secretary appropriate instructions, but she took it upon herself to call the court." Millinger, 655 So.2d at 104. Quite simply, it appears Millinger's notice of appeal was untimely filed because counsel failed to manage his office professionally.[3] Therefore, the broad interpretation given to section 440.33(1) in Morgan Yacht, where an order was procured by fraud, does not apply to this case.
In so holding, we acknowledge that substantial rights are involved in worker's compensation claims which are protected by due process guarantees under our state constitution. Art. I, § 9, Fla. Const. We envision that there could be a set of egregious circumstances which occur that prevent a litigant from timely filing an appeal that could be remedied by the JCC or an appellate court. For instance, a due process violation would probably occur if the JCC's order was entered but never actually provided to the litigants, and the thirty-day period to file a timely appeal then passed. Those circumstances are not present here.[4]

CONCLUSION
In conclusion, we disapprove New Washington Heights to the extent it is inconsistent with our holding here. We approve the decision of the First District dismissing Millinger's appeal as untimely.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
SHAW, J., concurs in result only.
NOTES
[1] Section 440.25(4)(a), Florida Statutes (1993), provides that a JCC's order shall become final 30 days after copies of the JCC's order have been mailed to the parties, unless the order is timely appealed.
[2] A JCC has more limited authority under the Florida Rules of Worker's Compensation Procedure than does a court under the Florida Rules of Civil Procedure. While a court has express authority to "relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding," see Fla.R.Civ.P. 1.540, a JCC's authority to vacate and amend orders is expressly limited to those orders which are "not yet final by operation of section 440.25."
[3] Millinger's counsel appears to have recognized this problem when he filed a motion for relief in the district court even before the appeal was dismissed.
[4] The First District's opinion here noted that the cases relied upon in the decision in New Washington Heights involved the failure to provide notice of the entry of an order.