PER CURIAM.
By petition for review of nonfinal agency action, for writ of mandamus or for writ of prohibition, Blu-Med Response Systems challenges a contract entered into between the Florida Department of Health and Western Shelter Systems for the purchase and sale of mobile hospital systems. Petitioner also moves this court for an order which would stay any further transaction between the Department and Western Shelter. For the reasons set forth below, we deny the petition and the motion.
On September 5, 2008, Governor Crist issued Executive Order 08-187 as Hurricane Ike approached Florida. After reciting the potential danger of the hurricane and making certain other findings and provisions, the order recited:
I also find that the special duties and responsibilities resting upon some state, county, regional and local governmental agencies in responding to the emergency may require them to deviate from the statutes, rules, ordinances and orders they administer, and I delegate to such agencies the authority to waive or deviate from such statutes, rules, ordinances or orders [to] the extent that such actions are needed to cope with this emergency. Any waiver of statutes, rules, ordinances or order shall expire in thirty (30) days from the date of this Executive Order unless extended (in increments of no more than thirty days) by the agency.
On that same day, the State Surgeon General, as agency head of the Department of Health, entered an order which implemented the Governor’s order. Among other things, the statutes and rules relating to procurement of supplies, commodities, etc., by the Department of Health were suspended for 30 days. According to petitioner, on the following day the Department issued a purchase requisition to obtain three units from Western Shelter Systems at a cost of $1.75 million. Previously, petitioner Blu-Med and others had expressed an interest in contracting with the Department for these same commodities. It is alleged that one of the units has been delivered and one is soon to be delivered, but that it was never possible to deliver the units in response to the threat of Hurricane Ike. The third unit will not be ready until after the first of the year, long after hurricane season has passed.[1]
To the extent Blu-Med petitions for review of nonfinal agency action, its petition was not filed within 30 days of rendition of the orders of September 5 and 6, 2008, and therefore this court’s jurisdiction was not timely invoked. See Fla. RApp. P. 9.100(c)(2). Petitioner complains that it did not receive copies of these orders until more than 30 days after their rendition. Assuming that these are orders as defined by Florida Rule of Appellate Procedure 9.020(f), a question which we do not address here, petitioner’s remedy for nonreceipt of the order or orders lies with the agency. See Millinger v. Broward County Mental Health Div., 672 So.2d 24 (Fla.1996). Petitioner does not present a colorable claim that the Department is proceeding in the absence of *152 or in excess of its subject-matter jurisdiction and therefore prohibition will not lie. English v. McCrary, 848 So.2d 293 (Fla.1977). With regard to mandamus, petitioner argues that the agency should be required to follow the emergency procurement provisions of section 287.057(5)(a) or 120.569(2)(n), Florida Statutes. However, the Governor’s order and the Department’s order waived the obligation to comply with such procedures. The Governor’s order was authorized by section 252.36(5)(a), Florida Statutes, and petitioner presents no challenge to the validity of that statute. Petitioner argues that the action of the Department goes beyond the extent necessary to ensure emergency response function as authorized by its emergency order but this court, which has no fact-finding capability, is not in a position to determine whether the agency’s action was or was not authorized by the emergency order. Although petitioner’s allegations, if true, suggest it may have suffered a wrong from the misuse of emergency powers by an agency head or staff members, the extraordinary writ jurisdiction of this court does not provide a remedy. We express no opinion as to whether there is an adequate legal remedy and, if so, what it might be.
The petition for review of nonfinal agency action is therefore DISMISSED as untimely, the petition for writ of mandamus or for writ of prohibition is DENIED on the merits, and petitioner’s motion for stay of performance is DENIED.
BROWNING, C.J., BARFIELD and THOMAS, JJ., concur.

. Much of the factual background on which petitioner relies is gleaned from documents which it received from the Department pursuant to a public records request. Because these documents have never been made part of the record in a judicial or administrative proceeding, and no evidentiary hearing has been conducted by any tribunal, we are reluctant to go beyond the four corners of the orders which are contained in the petitioner’s appendix.