PER CURIAM.
After the appellant failed to file a timely appeal of the final order of the Reemployment Assistance Appeals Commission (RAAC), and her appeal to this court was dismissed for lack of jurisdiction, she filed a motion with the RAAC to vacate and reenter its order so that she could take a timely appeal. The RAAC denied the motion, and the appellant timely appeals that order. We have jurisdiction. See Fla. R. App. P. 9.110(a)(3); Gundlah v. Moore, 831 So.2d 780 (Fla. 4th DCA 2002) (noting that claimant could appeal agency’s order denying motion to vacate and re-enter order); Velazquez v. Florida Unemployment Appeals Com’n, 53 So.3d 1237 (Fla. 3d DCA 2011) (same).
The Agency for Workforce Innovation issued a notice of determination that was unfavorable to the appellant and required her to repay a specified amount. Subsequent overpayment determinations were issued, and the appellant appealed all the determinations. The appeals referee reversed. However, on appeal, the RAAC disagreed with the referee’s legal conclusion and reversed. The RAAC issued its order February 18, 2011, and mailed a copy to the appellant’s last known address along with a notice advising the appellant she had thirty days to appeal.
The appellant did not file her appeal until March 23, 2011, and we dismissed the appeal. The appellant then filed with the RAAC a motion to vacate and re-enter its order, pursuant to Florida Rule of Civil Procedure 1.540.
In the motion, as supported by an affidavit and a copy of a change of address request filed with the postal service, the appellant alleged the following: She began receiving unemployment compensation benefits soon after an appeals referee made a determination favorable to her. She lived with her son at the address provided to the RAAC until October of 2010, when she moved. She filed a change of address with the postal service in No *280 vember of 2010, but did not notify the RAAC of her change of address. When she didn’t receive her benefits check on March 7, 2011, she contacted the RAAC hotline on or about March 14 or 15 and was informed that an adverse order had been entered. The agent misadvised her that she had twenty days to appeal. The appellant called her son who found the RAAC order; he told her the date of the order was February 18, 2011. Relying on the agent’s misinformation, the appellant believed she had already missed the deadline. The RAAC’s order was not forwarded to her new address. She waited until March 21 to obtain a copy of the order from her son’s house because she believed she had already missed the deadline to appeal. When she read it, she realized she really had thirty days to appeal and could have still filed a timely appeal on the date she spoke to the agent. She immediately contacted her attorney at legal aid and he filed the appeal on March 23, 2011.
The RAAC denied the motion to vacate, finding that the agent’s misinformation was not sufficient to vacate the order where the order had been delivered to the appellant’s last known address.
The appellant’s sole argument on appeal is that the RAAC erred because the circumstances warranted relief under Florida Rule of Civil Procedure 1.540, based on the appellant’s excusable neglect. As support for her position, the appellant relies on a Third District opinion, New Washington Heights Cmty. Dev. Conference v. Dep’t of Cmty. Affairs, 515 So.2d 328, 329-30 (Fla. 3d DCA 1987). The problem with her reliance on that case is that its holding has been disapproved in part by a Florida Supreme Court case. See Millinger v. Broward Cnty. Mental Health Div. & Risk Mgmt., 672 So.2d 24 (Fla.1996).
In New Washington Heights, a claimant’s attorney was misled as to the procedure for filing an administrative appeal when his secretary received incorrect information from an agency clerk. The Third District wrote that “[i]t is ... well-settled that where state action deprives a party of the ability to file a timely notice of appeal, the appellate court, although deprived of jurisdiction over the appeal, will provide the thus-rejected appellant with an alternative avenue of review ... It would be anomalous indeed if similar relief were unavailable to one appealing an administrative determination merely because the procedure governing administrative matters contains neither a counterpart to [rule 1.540] nor anything resembling [it]. Therefore, although we dismiss this appeal, we do so without prejudice to the appellant to apply to the Department to vacate and re-enter the operative order.” New Washington Heights, 515 So.2d at 329-30.
In Millinger, a worker’s compensation appeal also involving an attorney’s secretary’s reliance on advice from an agency employee, the supreme court affirmed the First District’s dismissal of a claimant’s appeal. Millinger, 672 So.2d at 27. The First District had found that the Judge of Compensation Claims (“JCC”) did not have authority to vacate its own final order, and it dismissed Millinger’s appeal of the JCC’s newly issued order. Millinger v. Broward Cnty. Mental Health Div. & Risk Mgmt., 655 So.2d 104 (Fla. 1st DCA 1994). In affirming the First District, the supreme court wrote that “the reasoning of New Washington Heights is not disposi-tive of this case” because the untimely appeal was not the direct result of the clerk’s misrepresentations, where the attorney should have been aware of well-settled rules regarding filing appeals. Millinger, 672 So.2d at 26. The court found that the facts of the case weren’t sufficient to permit vacation and re-entry of the administrative order. Id. Notably, the court also approved of the First Dis *281 trict’s reliance on Farrell v. Arnica Mutual Insurance Co., an opinion holding that rule 1.540 could not be used in administrative matters in the absence of any incorporation of the civil rules of procedure into the worker’s compensation rules of procedure. 361 So.2d 408, 411 (Fla.1978). The supreme court also noted that in Farrell, it “concluded the JCC did not have authority to vacate a final order because that power had not been granted to it by the legislature or rules of procedure.” Millinger, 672 So.2d at 26.
The court, however, recognized limited circumstances under which the JCC could grant relief:
[W]e acknowledge that substantial rights are involved in worker’s compensation claims which are protected by due process guarantees under our state constitution. Art. I, § 9, Fla. Const. We envision that there could be a set of egregious circumstances which occur that prevent a litigant from timely filing an appeal that could be remedied by the JCC or an appellate court. For instance, a due process violation would probably occur if the JCC’s order was entered but never actually provided to the litigants, and the thirty-day period to file a timely appeal then passed. Those circumstances are not present here.
Id. at 27.
Subsequent to Millinger, this court acknowledged that an agency may not vacate its final order based on a party’s negligence. See W.T. Holding, Inc. v. State Agency for Health Care Admin., 682 So.2d 1224, 1225 (Fla. 4th DCA 1996) (relying on Millinger in observing, “While we agree that agency reissuance of a final order may not be used to breathe life into an appeal where the notice of appeal is untimely due to the appellant’s negligence, reissuance is appropriate where the time to appeal expires before the appellant has notice that the agency has entered the final order.”) (Emphasis added.) See also Sclease v. Constr. Indus. Licensing Bd., 881 So.2d 98, 98 (Fla. 1st DCA 2004) (citing Milling-er for the proposition that “an agency has authority to vacate and reenter otherwise final orders in order to avoid due process problems”).
Millinger makes it clear that an administrative agency may vacate and reenter its final orders only where the agency has express authority to do so, or where there has been a due process violation. The First District has also acknowledged that an administrative tribunal has inherent power to correct its own errors in its orders. Johnson v. Terry Hunt Constr. Co., 878 So.2d 1282, 1284 (Fla. 1st DCA 2004) (citing Taylor v. Dep’t of Prof'l Regulation, Bd. of Med. Exam’rs, 520 So.2d 557, 560 (Fla.1988)).
There is no legislative authority for the RAAC to vacate its final orders and this case does not involve any clerical errors in the RAAC’s order. Although Mil-linger acknowledges that an administrative agency may vacate its final order on due process grounds, the appellant did not raise the due process issue on appeal. Instead, she argued that her excusable neglect required vacation of the RAAC’s order pursuant to rule 1.540. Because the appellant did not raise the due process issue on appeal, we do not consider it. See Victorino v. State, 23 So.3d 87, 103 (Fla. 2009) (citations omitted) (finding that defendant waived due process argument where he failed to fully brief and argue the issue on appeal). Accordingly, we affirm.

Affirmed.

WARNER, HAZOURI and CIKLIN, JJ., concur.