DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANGELA GLADETTE KEMP,**
Appellant,

v.

**PAM STEWART,** as the Commissioner of Education,
Appellee.

No. 4D17-2569

[March 7, 2018]

Appeal from the Education Practices Commission of the State of Florida; Nicholas Pietkiewicz, Presiding Officer; L.T. Case No. 16-0623-RT, Index No. 17-385-FOI, PPS No. 123-1734, and Certificate No. 759913.

Matthew R. McGuigan of Mill Stone Legal Group, LLC, Fort Lauderdale, for appellant.

No brief filed for appellee.

***ON CONFESSION OF ERROR***

MAY, J.

A school administrator appeals a final order from the Education Practices Commission ("EPC"). The appellee, Commissioner of Education, has moved to remand the case to the EPC for further proceedings. Having reviewed the motion, the initial brief, and the record, we grant the motion and remand the case to the EPC.

The EPC convened a teacher hearing panel for an informal hearing, pursuant to sections 120.569 and 120.57(2), Florida Statutes (2017). The EPC issued a final order from which the administrator has now appealed.

In her initial brief, the administrator argues that the informal hearing was held before an improper panel of the EPC. The Commissioner agrees and has moved to remand the case to correct the procedural problem.

Section 1012.79(8)(a), Florida Statutes (2017), provides the EPC shall:

from time to time, designate members of the commission to serve on panels for the purpose of reviewing and issuing final orders upon cases presented to the commission. . . . A case concerning a complaint against an administrator shall be reviewed and a final order issued by a panel composed of five commission members, at least one of whom must be a parent or sworn law enforcement officer and at least three of whom must be administrators.

Here, the panel holding the administrator's informal hearing and issuing the final order was composed of one parent, one administrator, and three teachers. However, because the complaint was against an administrator, the panel should have included three administrators.

An agency has an "inherent power to correct its own errors in its orders." *Filarski v. Reemployment Assistance Appeals Comm'n*, 97 So. 3d 278, 281 (Fla. 4th DCA 2012). This is especially true when the error involves a due process violation. *Id.*

We therefore grant the Commissioner's motion, and reverse and remand the case to the EPC for further proceedings.

*Reversed and Remanded.*

GROSS and TAYLOR, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**