498 So.2d 566 (1986)
HENDRY COUNTY SCHOOL BOARD, Appellant,
v.
Jason KUJAWSKI, Appellee.
No. 86-1942.
District Court of Appeal of Florida, Second District.
November 26, 1986.
Gavin W. O'Brien, Bradenton, for appellant.
Peter D. Ostreich, Tallahassee, for appellee.
RYDER, Acting Chief Judge.
The hearing officer for the Division of Administrative Hearings rejected appellant's, School District, proposed individual educational plan and placement program (IEP) for appellee, Jason Kujawski. Appellant brought an administrative appeal from the hearing officer's decision. Section 230.23(4)(m)(4), Florida Statutes (1985), gives us jurisdiction over this matter.
Appellee is a nine-year-old handicapped child who resides with his parents in Hendry County. Appellee suffers from juvenile autism. Recent measures of his intellectual functioning produce a score in the mid-50's. He has severe thought and behavioral difficulties which cannot be controlled with medication.
For the past three years, appellee was enrolled in the appellant's class for the *567 trainable mentally handicapped. Appellee has made limited progress toward the educational goals set for him during this period.
Both appellant and appellee's parents agree that appellee needs a different educational plan for the 1985-86 school year. Appellee was designated as severely emotionally disturbed (SED) and in need of a program for the profoundly handicapped.
On May 20, 1985, appellant held a planning conference to develop a new IEP for appellee. Appellee's mother and her attorney attended the conference. Appellant discussed and determined the appellee's placement. The director of exceptional student education approved the appellee's IEP and the IEP was issued. Appellant offered the following IEP:
1. a profoundly handicapped class and program;
2. speech and language for severely emotionally disturbed students;
3. a SED class placement in a varying exceptionalities class;
4. special transportation with an aide;
5. an additional classroom aide to maximize instruction and to provide one-on-one supervision of the student;
6. an aide to accompany the student to music;
7. parent counseling at a mental health facility; and
8. a mainstreaming opportunity with Grade I students.
Appellant issued its notice and consent for placement of appellee to appellee's parents. Appellee's parents rejected the proposed placement. They contended that appellee needed residential placement if he was to obtain the necessary educational goals. On June 4, 1985, appellee's attorney requested a due process hearing to determine the appropriateness of appellee's educational program.
On July 16, 1985, the hearing officer issued his order rejecting appellant's proposed plan and adopting a residential placement for appellee. This appeal followed.
The Federal Education for All Handicapped Children Act (EAHCA), 20 U.S.C. § 1400, et seq., the regulations promulgated thereunder, 34 C.F.R. § 300.1, et seq., provide federal money to assist state and local governments in providing full educational opportunities to all handicapped children. Hendrick Hudson District Board of Education v. Rowley, 458 U.S. 176, 180, 102 S.Ct. 3034, 3037, 73 L.Ed.2d 690 (1982). For a state to receive federal assistance, the state must demonstrate that it "has in effect a policy that assures all handicapped children the right to a free appropriate public education." 20 U.S.C. § 1412(1). The state must submit a plan to the secretary of education which includes the goals, programs and timetables under which the state intends to educate its handicapped children. Rowley at 181, 102 S.Ct. at 3037. If the state receives money under the Act, the state must educate the handicapped by priority: (1) handicapped children not receiving an education; (2) handicapped children with the most severe handicaps who are not receiving an adequate education; and (3) mainstreaming wherever possible.
An IEP is used to provide a free appropriate public education to the handicapped child. The IEP is developed at a meeting between a qualified representative of the local educational agency, the child's teacher and parents or guardian.
Extensive procedural requirements are imposed upon the state. The state must notify the parents or guardian of the child to be affected by a proposed change in "the identification, evaluation or educational placement of the child or the provision of a free appropriate public education to such child" and must be permitted to bring a complaint about "any matter relating to such evaluation and education." Rowley at 182, 102 S.Ct. at 3038. The state must provide an "impartial due process hearing" for the parents' or guardians' complaints. Id. If the initial hearing is held at the local or regional level, the state must also provide an appeal to the state educational agency. Rowley at 183, 102 S.Ct. at 3039. If a party still desires to challenge an IEP, *568 20 U.S.C. § 1415(e)(2) states that: "any party aggrieved by the findings and decision" of the state administrative hearing has "the right to bring a civil action with respect to the complaint... in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy." Review in the state court of competent jurisdiction or in the United States District Court is de novo. Roncker v. Walter, 700 F.2d 1058 (6th Cir.1983).
Florida bought into the Federal EAHCA in 1975. Florida must provide a "free appropriate public education" to all handicapped children. Florida Administrative Code Rules 6A-6.01 to 6A-6.83 contain Florida's plan for education of handicapped children.
Basically, Florida's plan mirrors the Federal EAHCA. The Florida plan, however, does have one very significant and unfortunate difference. The federal system provides for de novo review in a state court of competent jurisdiction or in a United States District Court. 20 U.S.C. § 1415(e)(2). The review in those courts is de novo. Roncker. The Florida system provides for review by the district courts of appeal. § 230.23(4)(m)(4), Fla. Stat. (1985). The district court of appeal is an appellate court and is, thus, ill-equipped to provide de novo review of a hearing officer's actions. We reluctantly accepted review of this case.
Under Rowley, the school board must provide the handicapped child with an appropriate public education. An appropriate public education means personalized instruction with "sufficient supportive services to permit the child to benefit from the instruction... ." Rowley, 458 U.S. at 188, 102 S.Ct. at 3041. The school board does not have to provide "services sufficient to maximize each child's potential commensurate with the opportunity provided other children." Rowley at 198, 102 S.Ct. at 3046. Here, the appellant provided the appellee with personalized instruction and sufficient supportive services to permit appellee to benefit from the instruction. A residential placement is not necessary for the appellee to benefit from his instruction.
The hearing officer is limited to determining the appropriateness of the IEP. Davis v. District of Columbia Board of Education, 530 F. Supp. 1209 (1982). If the hearing officer determines that the school district's proposed placement is not appropriate, the hearing officer must remand the matter to the school district. In addition, he may recommend an appropriate placement. Davis at 1212. The hearing officer, in the instant case, exceeded his authority by sua sponte ordering a residential placement. Once he determined that the School Board's plan was inappropriate, he should have remanded the matter to the School Board. He could have attached his recommendation of residential placement.
We hold that appellant's proposed program meets the test set out in Rowley. The plan provides appellee with an appropriate education. We hold that the hearing officer abused his discretion when he sua sponte ordered a residential placement.
We reverse and remand ordering the hearing officer to have another hearing and approve the plan unless other factors are developed at that hearing which show the plan to be inappropriate.
Reversed and remanded for further proceedings consistent with this opinion.
LEHAN and FRANK, JJ., concur.