537 So.2d 168 (1989)
SCHOOL BOARD OF PINELLAS COUNTY, Florida, Appellant,
v.
Charvin SMITH, Appellee.
No. 88-1834.
District Court of Appeal of Florida, Second District.
January 13, 1989.
*169 Bruce P. Taylor, Clearwater, for appellant.
No appearance for appellee.
CAMPBELL, Chief Judge.
Appellant, School Board of Pinellas County, appeals an order of the Division of Administrative Hearings requiring appellant to provide free transportation for appellee student to a facility for the trainable, mentally handicapped outside the geographic area where appellee lives and wherein she has been attending another such facility for the trainable, mentally handicapped. Appellant operates the Paul B. Stephens Exceptional Student Center (Stephens) located in Safety Harbor and serving the northern part of Pinellas County. Appellant also operates the Nina Harris Exceptional Student Center (Harris) located in St. Petersburg and serving the southern part of Pinellas County. Each facility provides programs for trainable, mentally handicapped students as defined in Florida Administrative Code Rule 6A-6.03011(1)(b). Appellee has been attending Harris since 1985.
During the 1987-1988 school year, appellee's parents became concerned with the possibility of sexual abuse occurring at Harris because of the arrest of a counselor at Harris on that charge. The record does not reflect that appellee was involved in the alleged incident leading to the counselor's arrest on the charge of sexual abuse. Police investigations later resulted in a finding that the charge of sexual abuse involving the counselor was unfounded. Nevertheless, appellee's parents withdrew her from public schools from November 3, 1987, through April 26, 1988. Since returning to Harris, appellee has continued to make academic progress. Her parents, however, requested a hearing to determine whether appellee was properly classified as a trainable, mentally handicapped student or should be reclassified as a less severely mentally handicapped student or as an autistic student.
At the hearing, held at the parents' request, appellant established that appellee was properly classified as a trainable, mentally handicapped student. The hearing officer further found that appellee had not suffered sexual abuse at Harris, and that it was in appellee's best interest to remain in a program for the trainable, mentally handicapped students. However, the hearing officer also found that appellee's parents had lost confidence in Harris and ordered that appellee be allowed to attend the Stephens facility and that appellant should provide transportation for appellee to that facility. While appellant has no objection to appellee attending the Stephens facility, it does object to the requirement that it must pay the expense of her transportation to that facility. Appellant has no transportation system currently available to transport appellee to the Stephens facility.
We agree with appellant and reverse and remand for two reasons. First, we find that the hearing below was not conducted for the purpose of determining whether appellee should be transferred from Harris to Stephens and, if so, should appellant provide transportation for such a transfer. The hearing below was conducted for the sole purpose of considering appellee's reclassification into a different category of mentally handicapped student. She was found to be properly classified. Second, there has been no showing at the hearing below that appellant was not providing at Harris a free appropriate public education as is required by the laws of this state and the United States. See § 230.23(4)(m), Fla. Stat. (1987); 20 U.S.C. §§ 1401-1462 (1982).
We conclude that there is no legal basis to require appellant to incur the additional expense of transporting appellee to a geographically distant facility when there is no evidence that appellant is not otherwise providing appellee with the necessary and appropriate free public education. See Hendry County School Board v. Kujawski, 498 So.2d 566 (Fla. 2d DCA 1986).
REVERSED AND REMANDED.
RYDER and LEHAN, JJ., concur.