593 So.2d 1174 (1992)
DISTRICT SCHOOL BOARD OF PUTNAM COUNTY, Appellant,
v.
D.M. RODERICK on Behalf of William MERCER, Appellee.
No. 91-702.
District Court of Appeal of Florida, Fifth District.
February 14, 1992.
*1175 Joe H. Pickens, Palatka, for appellant.
Sandra Manjasek, of Gosney Manjasek and Moore, Daytona Beach, for appellee.
GOSHORN, Chief Judge.
The District School Board of Putnam County appeals from the hearing officer's final order concluding that the District is not providing an appropriate educational program to the appellee's son. We affirm.
We write this opinion to clarify the role of the appellate court in reviewing cases brought under Florida's plan for the education of handicapped children. See Florida Administrative Code Rules 6A-6.01-6.83. When Florida adopted the plan for educating handicapped children, the legislature basically followed the federal Education of the Handicapped Act, 20 U.S.C. §§ 1400-1485 (1990), with one important exception: review of the state administrative agency's action may occur in the district court of appeal without the aggrieved party first bringing a civil action at the trial court level.[1] Section 230.23(4)(m)5, Florida Statutes (1991) provides that a party aggrieved by the final order of the hearing officer has two choices: the party may either "bring a civil action in the circuit court" or the party may request "an impartial review of the hearing officer's order by the district court of appeal as provided by s. 120.68." In order to make the choice meaningful, we find that the legislature intended a distinction. Although use of the word "impartial" suggests that the appellate court should not give deference to the hearing officer's findings, and thus the appellate court's review would be de novo, the statute contradicts that interpretation by instructing the appellate court to review the case "as provided by s. 120.68." Specifically, section 120.68(10) provides that the appellate court shall not substitute its judgment for that of the agency when the agency's findings of fact are supported by competent substantial evidence.
Our conclusion that the legislature intended a distinction between the alternatives is further supported by the fact that section 230.23(4)(m)5 provides that if a civil action is brought in the circuit court, the circuit court may hear additional evidence. In appellate proceedings, however, the appellate court must confine its review to the record transmitted. § 120.68(4), Fla. Stat. (1991). Additionally, Article V, § 4(b)(1), Florida Constitution, provides that the district *1176 courts of appeal have jurisdiction to hear appeals, and subsection (b)(2) provides that the district courts of appeal have the power of direct review of administrative actions. The constitution does not grant to the appellate courts the power to act as the trier of fact and the appellate courts are not set up to do so. Thus, even if the legislature had intended for the district courts of appeal to provide de novo trials, the constitution would prohibit the district courts of appeal from conducting them. Our conclusion that a direct appeal to the appellate court will not trigger a de novo trial preserves the appellate court's function as a court of appeal.
In summary, if the party elects to take a case under section 230.23(4)(m)5 to the circuit court, the case will receive a de novo review. If the party elects to bypass the circuit court and take the case to the appellate court, the case will receive traditional appellate review. The appellate court should review the hearing officer's final order by using the competent substantial evidence standard provided in section 120.68. See Cohen v. School Board of Dade County, 450 So.2d 1238 (Fla. 3d DCA 1984) (holding that the competent substantial evidence standard applies to appellate review of a hearing officer's fact findings in cases governed by section 230.23(4)(m)5).
We note that our decision is in apparent conflict with Hendry County School Board v. Kujawski, 498 So.2d 566 (Fla. 2d DCA 1986), however, we also note that Kujawski was decided under the predecessor statute to section 230.23(4)(m)5. The earlier 1985 statute, section 230.23(4)(m)4, did not provide the aggrieved party a choice between a civil action in the circuit court and a review in the appellate court, but rather, the earlier statute provided only for a review in the district court of appeal.
AFFIRMED.
COBB, J., and RICHARDSON, E.J., Associate Judge, concur.
NOTES
[1] This procedure is in contrast to the federal system which precludes appellate review until both the administrative procedure has been exhausted and a civil review concluded in either the state or federal court. The review in the appropriate state court or in the United States District Court is de novo. Roncker v. Walter, 700 F.2d 1058, 1061-62 (6th Cir.1983).