717 So.2d 149 (1998)
Wayne FORD, Appellant,
v.
PUBLIC EMPLOYEES RELATIONS COMMISSION, et al., Appellees.
No. 97-1795.
District Court of Appeal of Florida, Fifth District.
September 11, 1998.
*150 Claire S. Myers, Rockledge, for Appellant.
John G. Showalter, Staff Attorney, for Appellee Public Employees Relations Commission.
Susan Schwartz, Tallahassee, for Appellee Department of Corrections.
W. SHARP, Judge.
Ford appeals from an order of the Public Employees Relations Commission, which denied his request for a belated appeal. In a prior appeal, Ford had sought to appeal the Public Employees Relations Commission's order, which sustained his dismissal as a probation officer.[1] That appeal was dismissed for lack of jurisdiction because the notice of appeal was filed some five months after the Commission's decision was rendered.
After this court dismissed that appeal, Ford filed a request with the Commission to be permitted to file a belated appeal. The Commission ruled that only the appellate court has the authority to allow a belated appeal. That is the ruling before us in this proceeding.
A party who fails to receive a timely notice of the entry of an administrative order thereby losing the opportunity to file a timely appeal, should not be without a remedy. In Millinger v. Broward County Mental Health Division and Risk Management, 672 So.2d 24, 27 (Fla.1996), the Florida Supreme Court noted that a set of egregious circumstances could occur which prevented a litigant from timely filing an appeal and that problem could be remedied either by the agency or by an appellate court. As an example, the court noted that a due process violation would probably occur if an agency's order had been entered but never actually provided to the litigants and the time to file an appeal had passed. See also New Washington Heights Community Development Conference v. Department of Community Affairs, 515 So.2d 328 (Fla. 3d DCA 1987), disapproved on other grounds in Millinger (where state action deprived appellant of ability to file a timely administrative appeal, appellant could apply to the administrative agency to vacate and re-enter the order from which appellant could then timely appeal).
The problem in this case is that Ford's request for a belated appeal (whether directed to this court or to the Commission) is facially insufficient. He alleges he did not receive timely notice of the entry of the final order. However, he admitted he was represented by counsel and he did not allege that his counsel did not receive timely notice. For that reason, the Commission's order denying his request for a belated appeal is affirmed.
AFFIRMED.
*151 GRIFFIN, C.J., concurs.
DAUKSCH, J., concurs in result only.
NOTES
[1] Appeal No. 97-351 dismissed by order.