721 So.2d 399 (1998)
Evelyne ETIENNE, Appellant,
v.
SIMCO RECYCLING CORPORATION, and Florida Unemployment Appeals Commission, Appellees.
No. 98-2008.
District Court of Appeal of Florida, Third District.
November 18, 1998.
*400 Evelyne Ethienne, in proper person.
Geri Atkinson-Hazelton, for Appellee, Unemployment Appeals Commission.
Before JORGENSON, COPE, and GERSTEN, JJ.

MOTION TO DISMISS
GERSTEN, J.
Appellee, the Unemployment Appeals Commission ("the UAC") moves this court to dismiss Evelyne Etienne's ("the appellant") appeal. We grant the motion to dismiss without prejudice and write to clarify the procedure to be followed when an untimely appellant claims not to have been notified of the entry of an appealable administrative order.
On June 24, 1998, the UAC entered an order denying the appellant unemployment benefits. The UAC apparently sent the appellant a notice of the order's entry informing her of her right to appeal within thirty days. The appellant, however, claims that she never received the notification and only found out about the decision by way of a subsequent letter "telling [her] that [she] had to pay the money paid to [her] by unemployment." She provided the UAC with a sworn statement to this effect and indicated that she wanted to appeal. She also asked the UAC for advice regarding "what [she] need[ed] to do." On August 7, 1998, the appellant filed her notice of appeal in this Court; two weeks after the thirty-day deadline had passed.
The UAC argues that the appellant's failure to file her notice of appeal within the requisite time period produced an "irremediable jurisdictional defect." The UAC is partially correct. While the appellant's untimeliness does preclude this Court from exercising jurisdiction, see State ex rel. Diamond Berk Ins. Agency v. Carroll, 102 So.2d 129 (Fla.1958); Harris v. Condermann, 113 So.2d 235 (Fla. 3d DCA 1959), cert. denied, 117 So.2d 495 (Fla.1959), the situation is not "irremediable." See Millinger v. Broward County Mental Health Div. and Risk Management, 672 So.2d 24 (Fla. 1996); Ford v. Public Employees Relations Commission, 717 So.2d 149 (Fla. 5th DCA 1998).
Under similar circumstances, in untimely appeals from circuit court orders, the appropriate remedy has been to dismiss the untimely appeal without prejudice, allowing the appellant to pursue relief in the lower court by motion seeking to set aside the original order and requesting that a new appealable one be entered. See e.g. Holland v. Singletary, 712 So.2d 840 (Fla. 1st DCA 1998); Snelson v. Snelson, 440 So.2d 477 (Fla. 5th DCA 1983); Woldarsky v. Woldarsky, 243 So.2d 629 (Fla. 1st DCA 1971). This approach was extended to appeals from administrative orders in New Washington Heights *401 Community Dev. Conference v. Dep't of Community Affairs, 515 So.2d 328 (Fla. 3d DCA 1987), disapproved on other grounds by Millinger v. Broward County Mental Health Div. and Risk Management, 672 So.2d 24 (Fla.1996). There, this Court stated:
It would be anomalous indeed if similar relief were unavailable to one appealing an administrative determination merely because the procedure governing administrative matters contains neither a counterpart to Florida Rule of Civil Procedure 1.540 nor anything resembling the great writ.
New Washington Heights Community Dev. Conference v. Dep't of Community Affairs, 515 So.2d at 330.
We take this position once again and grant the UAC's motion to dismiss without prejudice. The appellant is free to ask the UAC to vacate and re-enter the operative order. If the UAC cooperates, then the appellant may timely appeal the re-entered order. If not, then the appellant may appeal the UAC's refusal to re-enter the order.
Appeal dismissed.