727 So.2d 1071 (1999)
SCHOOL BOARD OF MARTIN COUNTY, Florida, Appellant,
v.
A.S., a child, Appellee.
No. 98-0816.
District Court of Appeal of Florida, Fourth District.
February 24, 1999.
*1072 O. Oliver Wragg, Charles L. Weatherly and Julie J. Weatherly of the Weatherly Law Firm, Atlanta, Georgia, for appellant.
Doris Landis Raskin, Stuart, for appellee.
KLEIN, J.
Under a federal law known as the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 et seq., the federal government provides funding for states to create *1073 special educational plans for disabled persons. An individual plan was created by the School Board of Martin County for appellee, A.S., who has autism, but her parents objected to the plan and sought administrative relief. That proceeding resulted in a final order requiring the school board to alter its individual plan. The school board seeks review of that order, and we reverse.
A.S., who was five years old at the time of the administrative hearing, has autism which, according to the evidence in this case, is primarily a social/communication problem that is physiological or neurological in nature. Children who have it do not relate normally to other children, exhibit a restrictive range of interests, and engage in repetitive behaviors.
Before A.S. became eligible for preschool services under the IDEA she was treated privately. When she entered the public school system in 1995, an individual education plan was developed for her. In addition, her parents acquired training in Lovaas-type therapy, an intensive one-to-one form of discrete trial training for autistic children.
In 1996, the school board developed a model program for autistic children in an elementary school which was not the school A.S. was attending. During that same period, A.S. was evaluated by professionals for the school board who made recommendations. The school board then developed an individual education plan for A.S. providing for her placement at the school with the model program. A.S.'s parents, who did not agree with the placement, then had A.S. evaluated at their own expense, and their expert recommended that A.S. be given one-to-one Lovaas-type training both at home and in school. The school board's plan for A.S. included fifteen hours of discreet training per week, broken down into one hour fifteen minutes of one-to-one and one hour forty-five minutes of one-to-two discreet trial instruction per day, with the option of more if needed. This was less one-to-one than A.S.'s expert recommended.
A.S.'s parents, believing the school board's plan for A.S. was inadequate, then requested a due process hearing pursuant to 20 U.S.C. § 1415(b)(6) (1996) and section 230.23(4)(m)5, Florida Statutes (1995). The administrative law judge (ALJ), following a hearing, entered a final order requiring the school board to modify A.S.'s individual education plan to include fifteen hours per week of one-to-one discreet trial Lovaas teaching and one hour per day of one-to-one speech therapy. He also ordered reimbursement for the independent evaluation and entitlement to attorney's fees. The school board appeals.
Pursuant to section 230.23(4)(m)(5), the school board seeks review of the ALJ's decision in this court in accordance with provisions of the Florida Administrative Procedure Act, section 120.68, Florida Statutes (1997). The issues for review are whether the ALJ's findings of fact are supported by substantial competent evidence, whether the ALJ violated the law, and whether the ALJ abused his discretion in ordering the school board to modify the individual education program. Cohen v. School Bd. of Dade County, 450 So.2d 1238, 1241 (Fla. 3d DCA 1984).
The parties agree that this case is controlled by Board of Education of Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982), in which the Supreme Court interpreted earlier statutes containing similar provisions. It held that for determining whether the requirements have been violated "a court's inquiry ... is twofold. First, has the State complied with the procedures set forth in the Act? And second, is the individualized education program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits?" Id. at 206-07, 102 S.Ct. 3034. In keeping with this holding, Florida defines the "special education services" which must be included in an individual education plan to be "instruction and such related services as are necessary for the student to benefit from education." Fla. Admin. Code R. 6A-15.001 (2).
A.S.'s parents have not argued that the individual education plan is procedurally deficient. Nor have they asserted that past individual education plans or services were inadequate. By asking the ALJ to amend the individual plan to provide specific future *1074 services, the only issue they have raised in this case is whether the individual plan proposed by the School Board was appropriate that is, reasonably calculated to enable A.S. to receive educational benefits in the future.
Federal cases have clarified what "reasonably calculated to enable the child to receive educational benefits" means. Educational benefits provided under IDEA must be more than trivial or de minimis. J.S.K. v. Hendry County Sch. Dist., 941 F.2d 1563 (11th Cir.1991); Doe v. Alabama State Dep't of Educ., 915 F.2d 651 (11th Cir.1990). Although they must be "meaningful," there is no requirement to maximize each child's potential. Rowley, 458 U.S. at 192, 198, 102 S.Ct. 3034. The issue is whether the "placement [is] appropriate, not whether another placement would also be appropriate, or even better for that matter. The school district is required by the statute and regulations to provide an appropriate education, not the best possible education, or the placement the parents prefer." Heather S. by Kathy S. v. State of Wisconsin, 125 F.3d 1045, 1045 (7th Cir.1997)(citing Board of Educ. of Community Consol. Sch. Dist. 21 v. Illinois State Bd. of Educ., 938 F.2d at 715, and Lachman v. Illinois State Bd. of Educ., 852 F.2d 290, 297 (7th Cir.1988)). Thus, if a student progresses in a school district's program, the courts should not examine whether another method might produce additional or maximum benefits. See Rowley, 458 U.S. at 207-208, 102 S.Ct. 3034; O'Toole v. Olathe Dist. Schs. Unified Sch. Dist. No. 233, No. 97-3125, 144 F.3d 692, 709 (10th Cir.1998); Evans v. District No. 17, 841 F.2d 824, 831 (8th Cir.1988).
A very similar factual situation was presented in Hendry County School Board v. Kujawski, 498 So.2d 566 (Fla. 2d DCA 1986). In that case, the school board developed a new individual education plan for a nine year old autistic student to be administered in a public school. The child's parents rejected the plan, contending that their child needed residential placement, and requested a due process hearing under 20 U.S.C. § 1400 et seq., which was then called the Federal Education for All Handicapped Children Act. As in the present case, the ALJ ordered the school board to adopt the plan sought by the child's parents. After explaining how the act works, the second district reversed the ALJ, stating:
The school board does not have to provide "services sufficient to maximize each child's potential commensurate with the opportunity provided other children." Rowley at 198, 102 S.Ct. at 3046. Here, the appellant provided the appellee with personalized instruction and sufficient supportive services to permit appellee to benefit from the instruction. A residential placement is not necessary for the appellee to benefit from his instruction.
The hearing officer is limited to determining the appropriateness of the IEP. Davis v. District of Columbia Board of Education, 530 F.Supp. 1209 (1982). If the hearing officer determines that the school district's proposed placement is not appropriate, the hearing officer must remand the matter to the school district. In addition, he may recommend an appropriate placement. Davis at 1212. The hearing officer, in the instant case, exceeded his authority by sua sponte ordering a residential placement.
Kujawski, 498 So.2d at 568.
In the present case, A.S.'s parents agreed that A.S. needed 15 hours of discrete trial training, but disagreed with the location at which it would be provided and sought clarification as to whether it was one-to-one or one-to-two training. At the hearing the plan was described as a combination of the two. The ALJ found that the proposed location was appropriate, that an appropriate educational program for A.S. included 15 hours of either one-to-one or one-to-two discrete trial teaching per week, that A.S. had progressed under the individual education program being administered by the school board, and that there was no issue as to the fact that the program was providing educational benefits to A.S. As in Kujawski, the ALJ in this case exceeded his authority by ordering the school board to provide fifteen hours of one-to-one therapy.
The school board also argues that the ALJ did not have the authority to order one-to-one *1075 discrete trial training, because it is a methodology, and parents and courts may not dictate the methodologies by which educational services are delivered to school systems. Although we need not reach this argument, we note that there is authority to support it. See Lachman v. Illinois State Bd. of Educ., 852 F.2d 290, 297 (7th Cir.1988) (citing Rowley, 458 U.S. at 208, 102 S.Ct. 3034 for the proposition that parents have no right to compel a specific program or methodology); O'Toole v. Olathe Dist. Schools Unified Sch. Dist. No. 233, 144 F.3d 692 (10th Cir.1998)(no error in the hearing officer's decision not to permit the introduction of evidence as to which methodology best serves a hearing impaired child); E.S. v. Independent Sch. Dist., No. 196, 135 F.3d 566 (8th Cir.1998)(refusal to provide student with one-to-one tutoring using particular instructional method did not violate IDEA); D.B. v. Ocean Tp. Bd. of Educ., 985 F.Supp. 457, 536 n. 59 (D.N.J.1997)(individual education plan not required to include applied behavior analysis (ABA), because it is only one available methodology a school system may employ if it so chooses); Mr. X v. New York State Educ. Dep't, 975 F.Supp. 546, 548-49 (S.D.N.Y.1997)(Dr. Lovaas developed ABA discrete trial training method for remediation symptoms of autism in children).
The ALJ, on his own, ordered that A.S. also receive one hour per day of one-to-one speech therapy in addition to the Lovaas training. A.S.'s parents did not request this and do not argue that it was proper. We also reverse that provision in the order. Kujawski.
It follows from our conclusion that the ALJ erred in ordering Lovaas therapy and speech therapy, that A.S.'s parents are not entitled to reimbursement for the independent evaluation, that they are not the prevailing parties, and that they are not entitled to attorney's fees.
Reversed.
STONE, C.J., and OWEN, WILLIAM C., JR., Senior Judge, concur.