795 So.2d 1040 (2001)
RESORT SALES INTERNATIONAL, INC., Donald J. McKay, individually as and Officers and Directors of Resort Sales International Inc., and Barbara A. McKay, as Offices and Directors of Resort Sales International, Inc., Appellants,
v.
FLORIDA DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, DIVISION OF FLORIDA LAND SALES, CONDOMINIUMS AND MOBILE HOMES, Appellees.
No. 1D00-3754.
District Court of Appeal of Florida, First District.
September 19, 2001.
James H. Gillis of the Law Office of James H. Gillis, Greenville, for Appellants.
Janis Sue Richardson, Department of Business and Professional Regulation, Tallahassee, for Appellees.
PADOVANO, J.
Donald and Barbara McKay and Resort Sales International, Inc., the respondents in the lower tribunal, appeal a default final order by the Department of Business and Professional Regulation imposing a fine and other sanctions. The respondents contend that the order must be reversed, *1041 because the formal notice initiating the case was not served on their attorney. We conclude that the Administrative Procedure Act does not require service on an attorney until after the attorney has appeared in the proceeding in question. Because the notice in this case was served directly on the respondents and because they have shown no justification for their failure to request a hearing, the default order must be affirmed.
The McKays are real estate brokers and the principal owners of Resort Sales International, Inc., a brokerage firm that is engaged in the business of reselling time-share estates. They also own and operate Resort Property Resales, Inc., a marketing company that advertises the timeshares for private sellers.
The Department, through its Division of Florida Land Sales, Condominiums, and Mobile Homes, charged Resort Sales and the McKays with violations of "the Florida Vacation Plan and Timesharing Act," chapter 721.01-301, Florida Statutes. The Division alleged that in a series of transactions dating back to 1996, the McKays had collected advance fees for listing time-share resales. This conduct is prohibited by law. Section 721.20(4), Florida Statutes (1999), provides that it is unlawful for a broker to collect an advance fee for listing a time-share estate or timeshare license.
On June 14, 2000, the Division issued a notice to show cause outlining the charges against Resort Sales and the McKays and informing them of their right to an administrative hearing. The notice explained that the respondents could request an administrative hearing within twenty-one days, and that a default order would be entered if they did not respond within that time. According to the certificate of service, the notice was sent by certified mail to the McKays and to Craig Moore, an attorney who is listed as the registered agent for Resort Sales. Postal receipts show that the respondents accepted delivery of the notice.
The respondents did not request an administrative hearing or otherwise contest the allegations in the notice. On August 28, 2000, more than two months after service of the notice, the Department entered a default final order. The Department fined the McKays and Resort Sales $60,000.00, and ordered them to refrain from collecting advance fees for timeshare resale listings. In its final order, the Department informed the respondents of their right to appeal. The order was sent by certified mail to Donald McKay and attorney Craig Moore.
Another attorney, James Gillis, subsequently telephoned the Department's counsel to request that the final order be set aside. Attorney Gillis maintained that he should have received a copy of the notice to show cause, because he was the attorney of record for the McKays and Resort Sales. Counsel for the Department declined to stipulate to an order setting aside the final order. The Department maintained that the notice was properly served on the McKays and on Craig Moore, the registered corporate agent for Resort Sales.
On September 9, 2000, Mr. Gillis filed a motion with the Department to set aside the final order. He requested that the final order be vacated and that the respondents be granted an additional fifteen days to file proper responses, "should [they] so choose." However, the Department had not addressed the motion by the time this appeal was filed. On September 25, 2000, while the motion to vacate was pending, the respondents filed a notice of appeal to this court to seek review of the final order.
The respondents contend that the default was caused by an ethical violation on the part of opposing counsel. They maintain that the Department was "clearly *1042 on notice" that attorney James Gillis was representing them, and that the Department's lawyers acted unprofessionally by sending the notice to them directly, without providing a copy to Mr. Gillis. We need not determine whether conduct such as this would be an ethical violation that would excuse the duty to file a timely request for a hearing, because the respondents' argument is not supported by the record.
According to the record, attorney Gillis did not appear as counsel for the respondents in the administrative tribunal until after rendition of the final order. It may be true that Gillis represented the respondents in the circuit court, and that the lawyers for the Department knew of his representation there, but the respondents offered no evidence of these facts in the administrative tribunal in this case. The respondents could have presented the facts in a hearing on their motion to set aside the default, but they failed to pursue that motion. Instead, they elected to appeal the default final order.
The agency clerk assembled the record by including the notices, orders, and other documents listed in rule 9.190(c)(2)(B) of the Florida Rules of Appellate Procedure. The respondents had an opportunity to direct the clerk to include materials other than those listed in the rule, but even so the record would have been limited to documents filed in the administrative tribunal and would not have included any of the items in the court file in the civil case. Rule 9.200(a)(3) provides that an appellant may direct the clerk to include other documents or exhibits "filed in the lower tribunal." In this appeal the lower tribunal is the agency, not the circuit court.
Judicial review of administrative action is confined to the record of the proceedings before the agency. § 120.68(4), Fla. Stat. (1999); District School Board of Putnam County v. Roderick, 593 So.2d 1174 (Fla. 5th DCA 1992); Florida Dep't of Corrections v. Bradley, 510 So.2d 1122 (Fla. 1st DCA 1987). The burden is on the appellant to ensure that the record includes all of the materials necessary to show reversible error. See Fla.R.App.P. 9.200(e); City of Hialeah v. Cascardo, 443 So.2d 448 (Fla. 1st DCA 1984); Conner v. Coggins, 349 So.2d 780 (Fla. 1st DCA 1977). Here, the deficiency in the record cannot be cured, because the evidence needed to support the argument on appeal was never presented in the lower tribunal.
The pleadings and other documents contained in the record plainly reveal that the Department served the notice to show cause according to the requirements of the Administrative Procedure Act. Section 120.569(1), Florida Statutes (1999) provides that a copy of an order "shall be delivered or mailed to each party or the party's attorney of record at the address of record." The notice to show cause was the document that initiated the administrative action. Consequently, the Department was obligated to serve the notice directly on the respondents.
Section 120.569(1) states that service may be made either on the regulated party or on the party's attorney. It would be proper to serve an order or notice on an attorney if the administrative complaint has been filed and served, and if the attorney has appeared in the case. However, an initial document such as an administrative complaint or a notice to show cause must be served directly on the regulated party, even if the agency lawyers know that the party in question is represented by a particular lawyer.
In summary, we conclude that the Department was not required to serve attorney James Gillis with a copy of the notice to show cause. We consider it unnecessary to address any of the other arguments in the initial brief. The default was *1043 entered after the notice had been properly served and the respondents had been afforded a point of entry to the administrative process.
Affirmed.
WOLF and VAN NORTWICK, JJ., CONCUR.