831 So.2d 780 (2002)
Charles H. GUNDLAH, Jr., Appellant,
v.
Michael MOORE et al., Florida Department of Corrections, Appellees.
No. 4D01-3947.
District Court of Appeal of Florida, Fourth District.
December 4, 2002.
Charles H. Gundlah, Jr., Raiford, pro se.
Richard E. Doran, Attorney General, Tallahassee, and Charles M. Fahlbusch, Assistant Attorney General, Fort Lauderdale, for appellees.
STEVENSON, J.
Appellant, Charles H. Gundlah, Jr., seeks review of the circuit court's denial of *781 his petition for writ of mandamus as untimely. Gundlah alleges that because he was transferred between facilities, he received a copy of the Department of Correction's final order just a few days before the thirty-day deadline to file a writ of mandamus in circuit court was to expire. Allegedly unfamiliar with the procedures to appeal, he was unable to file the writ of mandamus until after the thirty-day deadline had passed.[1] We treat his appeal as a petition for writ of certiorari. See Doss v. Fla. Dep't of Corr., 730 So.2d 316 (Fla. 4th DCA 1999).
We find no error in the circuit court's denial of the petition for writ of mandamus as untimely. A claimant's failure to challenge an order of the Department of Corrections within thirty days of its rendition produces a jurisdictional defect and precludes the court from exercising jurisdiction. See § 95.11(8), Fla. Stat. (2000); Fla. R.App. P. 9.100(c).
Notwithstanding, where a state action deprives a party of the ability to file a timely notice of appeal, the appellate court, although deprived of jurisdiction over the appeal, will provide the thus-rejected appellant with an alternative avenue of review. See New Washington Heights Cmty. Dev. Conference v. Dep't of Cmty. Affairs, 515 So.2d 328 (Fla. 3d DCA 1987), disapproved on other grounds by Millinger v. Broward County Mental Health Div. & Risk Mgmt., 672 So.2d 24 (Fla.1996). The appropriate remedy has been to dismiss the untimely appeal without prejudice, allowing the appellant to pursue relief in the lower tribunal by motion seeking to set aside the original order and requesting that a new appealable order be entered. See Etienne v. Simco Recycling Corp., 721 So.2d 399 (Fla. 3d DCA 1998); see also Ney v. Unemployment Appeals Comm'n, 778 So.2d 509 (Fla. 4th DCA 2001); Dorsey v. State, 764 So.2d 619 (Fla. 4th DCA 2000); Dep't of Corr. v. Saulter, 742 So.2d 368 (Fla. 1st DCA 1999). If the lower tribunal acts favorably upon such application, the appellant may timely appeal the re-entered order and thereby challenge the merits of the original adverse agency action. See Etienne, 721 So.2d at 401. If the lower tribunal refuses to vacate the order, then the appellant may appeal the refusal to re-enter the order. See id.
Thus, we deny the petition for writ of certiorari without prejudice to Gundlah's right to file a motion seeking to have the Secretary of the Department of Corrections vacate and re-issue the challenged decision from which he may then timely appeal.
SHAHOOD and HAZOURI, JJ., concur.
NOTES
[1] Florida Rule of Appellate Procedure 9.420(a)(2) is not applicable here since Gundlah does not allege that he placed the writ of mandamus in the hands of an institution official for mailing on or before the last day for filing.