859 So.2d 581 (2003)
GOLFVIEW NURSING HOME, Appellant/Petitioner,
v.
STATE of Florida, AGENCY FOR HEALTH CARE ADMINISTRATION, Appellee/Respondent.
Nos. 1D02-0027, 1D02-1966.
District Court of Appeal of Florida, First District.
November 25, 2003.
Alfred W. Clark, Tallahassee, for Appellant.
Garnett Chisenhall, Assistant General Counsel, Agency for Health Care Administration, Tallahassee, for Appellee.
ERVIN, J.
We consolidate these two appeals, both of which arise from an annual licensure survey of appellant's facility, Golfview Nursing Home, conducted on April 3-5, 2001. Case No. 1D02-1966 is an appeal from final agency action finding Golfview in violation of various regulations and imposing civil penalties amounting to $25,000 in fines. Case No. 1D02-0027 is an appeal from final agency action imposing conditional licensure status on the facility as a result of the same alleged violations.
The facts are essentially undisputed. The Agency for Healthcare Administration (AHCA), appellee, conducted an annual licensure *582 survey of Golfview on April 3-5, 2001. During that survey, AHCA noted problems with the temperature of the hot water used at the facility. As a result, AHCA's field office in St. Petersburg, Florida, filed an administrative complaint against Golfview on April 26, 2001, seeking to impose $25,000 in civil penalties based upon the following two deficiencies: (1) Golfview failed to ensure that the resident environment remained as free of accident hazards as possible in that there was a lack of a facility-wide system to ensure control of the hot water used by the residents, and (2) Golfview failed to administer the facility to ensure the highest practicable physical well-being of each resident in that excessive hot-water temperatures placed the residents at risk for burns and scalding. Golfview, through attorney Alfred Clark, filed a petition for a formal administrative hearing on May 16, 2001.
On May 24, 2001, while the above administrative proceeding was pending, AHCA's Long Term Care Unit, Health Facility Regulation, in Tallahassee, Florida, sent a "Notice of Intent to Assign Conditional Licensure Status" to Golfview's administrator, but did not send a copy to attorney Clark. This notice was based upon the survey completed on April 5, and the same deficiencies alleged in the administrative complaint. An election form was included with the notice of intent, and the administrator executed that form by checking Option 1, which states: "I do not dispute the allegations of fact contained in the Notice of Intent and waive my right to object or to be heard. I understand that by waiving my rights, a final order will be issued that adopts the Notice of Intent and imposes the sanctions sought."
In the meantime, the administrative complaint proceeded to formal hearing, and on November 6, 2001, a recommended order was issued which found that clear and convincing evidence failed to establish the deficiencies/violations charged and recommended no civil penalties be assessed.
On December 3, 2001, AHCA, relying on the election form previously executed by Golfview's administrator, issued a final order imposing a conditional license on Golfview. On December 13, attorney Clark, on behalf of Golfview, filed a motion to vacate or amend the final order, contending that the administrator had acted without the advice of counsel or knowledge of the effect of the election, and pointing out that Golfview had disputed the same facts and conclusions that formed the basis for the conditional license in the administrative proceeding that had resulted in the November 6 recommended order. That motion was abandoned, however, when Golfview filed a notice of appeal, because it was unsure whether the motion tolled the time for appeal.
On April 15, 2002, AHCA entered a final order regarding the administrative complaint, adopting all the findings of fact set forth in the recommended order and all the conclusions of law except a portion of paragraph 55. In so doing, AHCA stated:
In paragraph 55, the ALJ concluded, contrary to the admissions of respondent [Golfview], that "there is no evidence of any on-going violation of the regulatory requirement for hot water temperatures." The evidence of such a violation existed, but the violation is clearly to be mitigated given the circumstances of this particular case.
(Emphasis added.) AHCA therefore assessed no penalties and dismissed the administrative complaint. Golfview also appealed that order.
Golfview's first issue in these consolidated appeals is that there is no competent, substantial evidence to support AHCA's finding of "admissions" by Golfview; therefore, it erred in rejecting paragraph *583 55. AHCA concedes this point on appeal and agrees that the case should be remanded for entry of a revised final order adopting the recommended order's findings of fact and conclusion of law without reservation. We accept that concession and therefore reverse the April 15 final order entered in Case No. 1D02-1966 and remand with directions to adopt the November 6, 2001, recommended order in toto.
In its two remaining issues on appeal, Golfview, pursuant to sections 120.68(7)(c) and (a), Florida Statutes (2000), argues that the December 3 final order imposing conditional licensure status should be reversed, (1) because the fairness of the proceedings or correctness of the action from which it resulted was impaired by a material error in procedure in that attorney Clark was never served with the notice of intent, and (2) because the validity of the final order depends on disputed facts for which Golfview was not afforded a hearing.
AHCA defends the December 3 order, arguing that the notice of intent initiated a totally separate, independent proceeding, i.e., the "licensure proceeding," from that commenced by the administrative complaint, i.e., the "violation proceeding." It reasons that the different burdens of proof in licensure and violation proceedings, i.e., preponderance of the evidence and clear and convincing evidence, respectively, establish the separateness and independence of the two proceedings. AHCA concludes that while it had notice of Clark's appearance for Golfview in the violation proceeding, it had no notice of Clark's representation of Golfview in the licensure proceeding until after the final order was issued. In further support of its argument that the notice of intent was properly served only on Golfview's administrator, AHCA relies on Resort Sales International, Inc. v. Florida Department of Business & Professional Regulation, 795 So.2d 1040 (Fla. 1st DCA 2001).
We find AHCA's circuitous arguments misplaced. Initially, we reject AHCA's argument that there were two separate, independent proceedings. Although different units within AHCA may be responsible for filing different documents, the fact remains that both the administrative complaint and notice of intent to impose conditional licensure status were filed for exactly the same reason: the alleged violations arising from the annual licensure survey conducted on April 3-5, 2001. AHCA was on notice that Clark represented Golfview regarding the administrative complaint by virtue of the petition for formal administrative hearing filed on May 16, 2001. AHCA cannot elude the notice responsibilities arising from that knowledge by creating the fiction of two separate and independent proceedings, particularly in light of the fact that attorney Mike Sasso, who represented AHCA in the formal administrative hearing, was also provided a copy of the notice of intent to impose conditional licensure status. As stated, the administrative complaint and notice of intent involved exactly the same cause of action. The fact that there were different types of sanctions, i.e., civil penalties in the form of administrative fines and a reduction of licensure status, does not transform the licensure proceeding into two completely separate and independent proceedings. See Golfcrest Nursing Home v. Agency for Health Care Admin., 662 So.2d 1330, 1332 (Fla. 1st DCA 1995) (stating that the failure to correct the deficiencies discovered during an annual licensure survey "would have resulted in sanctions against Golfcrest's nursing home license, including administrative fines, a reduction in licensure rating, other civil penalties, and a reduction in Medicaid reimbursement").
*584 As for Resort Sales International, although there are some facial similarities to this case, it is factually and procedurally distinguishable. The administrative proceeding in Resort Sales was commenced by a notice to show cause properly served on the brokerage firm and brokers, who then defaulted, and their attorney did not appear until after the final order was entered. Here, the proceeding was commenced by service of the administrative complaint on Golfview, and once Golfview notified AHCA that it was represented by attorney Clark, copies of all legal documents concerning the subject matter of the administrative complaint, including the notice of intent to impose conditional licensure status, should have been provided to Clark. AHCA seeks to avoid this result by arguing the separateness and independence of the two administrative proceedings, much like the distinct circuit court and administrative proceedings in Resort Sales. We cannot agree, however, because, as previously explained, both the administrative complaint and notice of intent in the present case were parts of the same proceeding and involved the same cause of action. Thus, we find Resort Sales distinguishable and decline to apply it under the circumstances of this case.
Having determined that the two proceedings were inseparably connected, we next conclude that reversal is required under section 120.68(7)(c), because the fairness of the proceedings or correctness of the action giving rise to the conditional licensure order was impaired by a material failure in procedure. In the absence of procedures addressing applications to renew a previously granted nursing home license, we note that section 120.60(3), Florida Statutes (2000), which addresses the initial licensing procedure, provides persuasive authority for requiring service of the notice on Golfview's attorney. Section 120.60(3) provides as follows:
Each applicant shall be given written notice either personally or by mail that the agency intends to grant or deny, or has granted or denied, the application for license. The notice must state with particularity the grounds or basis for the issuance or denial of the license, except when issuance is a ministerial act. Unless waived, a copy of the notice shall be delivered or mailed to each party's attorney of record and to each person who has requested notice of agency action.
(Emphasis added.) Similarly, section 120.569(1), Florida Statutes (2000), which addresses decisions affecting the substantial interests of a party, anticipates that notices will be mailed to a party's attorney of record, by stating: "Unless waived, a copy of the order shall be delivered or mailed to each party or the party's attorney of record at the address of record." Accord Fla. Admin. Code R. 28-106.110 ("Unless the presiding officer otherwise orders, every pleading and every other paper filed in a proceeding, except applications for witness subpoenas, shall be served on each party or the party's representative at the last address of record."). There is no evidence that Golfview waived its right to have a copy of the notice delivered to its attorney; therefore, AHCA was required to provide a copy of the notice of intent to impose a conditional license on attorney Clark. As a result of the conflicting results in the two final orders, it is apparent that AHCA's failure to provide a copy of the notice of intent to attorney Clark caused the fairness of the proceedings or the correctness of the action to be impaired, and reversal is required under section 120.68(7)(c).
Because we have determined reversal is required under section 120.68(7)(c), we need not consider Golfview's second issue urging reversal under section 120.68(7)(a), under the theory that there was no hearing *585 and the validity of the action depends upon disputed facts.
In conclusion, we REVERSE the April 15, 2002, final order in Case No. 1D02-1966 and REMAND with directions to adopt the November 6, 2001, recommended order in toto. We likewise REVERSE the December 3, 2001, order imposing conditional licensure status on Golfview.
ALLEN and LEWIS, JJ., CONCUR.