878 So.2d 1282 (2004)
Robert JOHNSON, Appellant,
v.
TERRY HUNT CONSTRUCTION COMPANY and Superior, etc., Appellees.
No. 1D04-0454.
District Court of Appeal of Florida, First District.
August 10, 2004.
*1283 Richard A. Kupfer, Esq. of Richard A. Kupfer, P.A., West Palm Beach, for Appellant.
Mary E. Cruickshank, Esq. and Erika L. Brenneman, Esq. of DuBois & Cruickshank, P.A., Tallahassee, for Appellees.
PER CURIAM.
Claimant, Robert Johnson, seeks review of the Judge of Compensation Claims' Order Denying Sworn Motion to Vacate Order Dated November 13, 2002, wherein the JCC found that he lacked jurisdiction to vacate his previous order, which had become final by operation of section 440.25, Florida Statutes. We reverse, determining that, in these circumstances, the JCC did have jurisdiction to vacate and reenter the order.
Claimant suffered a compensable work injury for which he was seeking additional attendant care benefits. The JCC entered a Final Order denying claimant's petition for benefits on November 13, 2002, and according to the Certificate of Service, the order was sent by mail to claimant and his counsel. However, the address listed for claimant's attorney was not her correct address. According to claimant's attorney's Sworn Motion to Vacate Order Dated November 13, 2002, claimant's counsel learned that a final order had been entered when she appeared before the JCC in an unrelated hearing. The JCC then faxed counsel a copy of the order on December 22, 2003. At that time, claimant's opportunity to file a timely notice of appeal had already passed. The JCC subsequently entered an Order Denying Sworn Motion to Vacate Order Dated November 13, 2002, finding that the address listed on the certificate of service was accidentally generated by the JCC's computer system and was not counsel's current office address. However, the JCC concluded that, as an administrative body possessing quasi-judicial power and not a court, he had "no statutory or procedural authority to vacate and/or amend orders which became final by operation of section 440.25, Florida Statutes." Claimant timely filed a notice of appeal. This appeal followed.
*1284 In Millinger v. Broward County Mental Health Division and Risk Management, 672 So.2d 24, 27 (Fla.1996), the supreme court noted:
[S]ubstantial rights are involved in workers' compensation claims which are protected by due process guarantees under our state constitution. We envision that there could be a set of egregious circumstances which occur that prevent a litigant from timely filing an appeal that could be remedied by the JCC or an appellate court. For instance, a due process violation could occur if the JCC's order was entered but never actually provided to the litigants, and the thirty-day period to file a timely appeal then passed.
See also Taylor v. Dep't of Prof'l Regulation, Bd. of Med. Exam'rs, 520 So.2d 557, 560 (Fla.1988) (holding that "an administrative tribunal, exercising quasi-judicial powers, enjoys the inherent authority to correct its own orders which contain clerical errors and errors arising from mistake or inadvertence") (citations omitted). The JCC is correct that, generally, "a JCC's authority to vacate and amend orders is expressly limited to those orders `which are not yet final by operation of section 440.25.[1]'" See Millinger, 672 So.2d at 27 n. 2. However, the supreme court in Millinger specifically contemplated the exceptional circumstances which would require a remedy from the JCC or the appellate court. An example of the exception Millinger contemplated occurred in the case of W.T. Holding, Inc. v. State, Agency for Health Care Administration, 682 So.2d 1224, 1225 (Fla. 4th DCA 1996). There, the Fourth District concluded that, although "agency reissuance of a final order may not be used to breathe life into an appeal where the notice of appeal is untimely due to the appellant's negligence," where the time to appeal had expired before the appellant had received notice that the agency had entered a final order, the administrative agency did have authority to reissue a final order, "despite the lack of a specific grant of such authority in chapter 120." Id. (citing Millinger, 672 So.2d at 27). The cause was then remanded for an evidentiary hearing on the issue of whether the appellant had received a copy of the final order or had other notice of entry of the final order. W.T. Holding, 682 So.2d at 1226.
Likewise, although the powers of administrative tribunals are limited regarding their ability "to rehear or reconsider an order in the absence of a specific authorization by statute or rule," an administrative tribunal has "inherent" power to correct its own errors in its orders. See Taylor, 520 So.2d at 560 (citations omitted). The E/C's argument that Taylor is distinguishable on the grounds that no error was made in the instant case is not persuasive in light of section 440.25(4)(e), Florida Statutes (1997), which provides:
The order making an award or rejecting the claim, referred to in this chapter as a "compensation order," shall set forth the findings of ultimate facts and the mandate; and the order need not include any other reason or justification for such mandate. The compensation order shall be filed in the Office of the Judges of Compensation Claims at Tallahassee. A copy of such compensation order shall be sent by mail to the parties and attorneys of record at the last *1285 known address of each, with the date of mailing noted thereon.
(emphasis added). Here, there was a clear statutory requirement that the order be sent to both appellant and his attorney of record, and in the order denying appellant's requested relief, the JCC admitted that an agency error had caused the mistake. Cf. Golfview Nursing Home v. State, Agency for Health Care Admin., 859 So.2d 581, 584 (Fla. 1st DCA 2003) (noting that once the appellant informed the appellee that it was represented by counsel, the appellee should have provided copies of all legal documents concerning the administrative complaint to the appellant's attorney); Resort Sales Int'l, Inc. v. Fla. Dep't of Bus. and Prof'l Regulation, 795 So.2d 1040, 1042 (Fla. 1st DCA 2001) ("Section 120.569(1) states that service may be made either on the regulated party or on the party's attorney. It would be proper to serve an order or notice on an attorney if the administrative complaint has been filed and served, and if the attorney has appeared in the case.").
For the same reason discussed above, the E/C's reliance on Ford v. Public Employees Relations Commission, 717 So.2d 149, 150 (Fla. 5th DCA 1998), is misplaced because that argument does not take into account the requirement of section 440.25(4)(e) that the order be sent to a claimant's attorney of record. Also, in relying on Ford, the E/C disregard the holding of Taylor that quasi-judicial bodies have the power to correct their own clerical errors and mistakes. Furthermore, "[a] party who fails to receive a timely notice of the entry of an administrative order[,] thereby losing the opportunity to file a timely appeal, should not be without a remedy." Ford, 717 So.2d at 150. Thus, the E/C's argument that the order should not be reentered because claimant received a timely copy of it, although his counsel did not, is unavailing in light of the statutory requirement that the order be sent to claimant's attorney and the fact that it was a state action which deprived claimant of the ability to file a timely notice of appeal. See Gundlah v. Moore, 831 So.2d 780, 781 (Fla. 4th DCA 2002) (holding that the appropriate remedy when state action deprives a party of the ability to file a timely notice of appeal is to allow the appellant "to pursue relief in the lower tribunal by motion seeking to set aside the original order and requesting that a new appealable order be entered.") (citations omitted).
Accordingly, the JCC erred in finding that he lacked jurisdiction to vacate and reenter the order. See § 440.25(4)(e), Fla. Stat; Millinger, 672 So.2d at 27; Taylor, 520 So.2d at 560; W.T. Holding, 682 So.2d at 1225; cf. Golfview Nursing Home, 859 So.2d at 584 (reversing a final order because AHCA's failure to provide a copy of its notice of intent to the appellant's attorney caused the fairness of the proceedings or correctness of the action to be impaired, and noting that several pertinent sections of chapter 120 require that orders affecting the substantial rights of a party must be mailed to the party or its attorney of record, unless the right to have notice given to a party's attorney is waived); Resort Sales Int'l, 795 So.2d at 1042. We, therefore, REVERSE and REMAND for further proceedings.
WOLF, C.J., KAHN and LEWIS, JJ., CONCUR.
NOTES
[1] "Procedures with respect to appeals from orders of judges of compensation claims shall be governed by rules adopted by the Supreme Court. Such an order shall become final 30 days after mailing of copies of such order to the parties, unless appealed pursuant to such rules." § 440.25(5)(a), Fla. Stat. (1997).