PER CURIAM.
 

 Because the Judge of Compensation Claims (JCC) lacked authority to vacate his abbreviated final order, he also lacked authority to enter subsequent orders, and the abbreviated final order remains in effect.
 
 See
 
 § 440.25(5)(a), Fla. Stat. (2007); Fla. R.App. P. 9.180(b)(2);
 
 Millinger v. Broward County Mental Health Div. & Risk Mgmt.,
 
 672 So.2d 24 (Fla.1996).
 
 Cf. Johnson v. Terry Hunt Constr. Co.,
 
 878 So.2d 1282 (Fla. 1st DCA 2004) (reversing order of JCC that denied appellant’s motion to vacate final order where JCC made findings that supported granting relief and erroneously determined he lacked authority to do so). Because the subsequent orders were void ab initio, the Order Vacating Abbreviated Final Order, dated October 30, 2007, and the Final Compensation Order Denying Benefits, dated May 7, 2008, are hereby VACATED.
 
 See Kelly v. Colston,
 
 977 So.2d 692 (Fla. 1st DCA 2008).
 

 WEBSTER, PADOVANO, and ROWE, JJ., concur.