954 So.2d 685 (2007)
Adam TROCHE, Appellant,
v.
BJ's WHOLESALE CLUB, INC., and Gallagher Bassett, Appellees.
No. 1D07-0425.
District Court of Appeal of Florida, First District.
April 16, 2007.
*686 Patrick J. Deese of Law Offices of Patrick J. Deese, P.A., Melbourne, for Appellant.
No appearance for Appellees.
PER CURIAM.
Because the notice of appeal was not filed within 30 days of the date the Judge of Compensation Claims mailed the final order to the parties as required by Florida Rule of Appellate Procedure 9.180(b)(3), this court is without jurisdiction to consider this appeal. It is well-settled that to be timely, a notice of appeal must be filed in the appropriate court within the appropriate time period. See Coca Cola Foods v. Cordero, 589 So.2d 961 (Fla. 1st DCA 1991). If the notice is not timely filed, the appellate court lacks jurisdiction and must dismiss the appeal. First Nat'l Bank v. Fla. Unemployment Appeals Comm'n, 461 So.2d 208 (Fla. 1st DCA 1984). Rule 9.180(b)(3) provides that jurisdiction shall be invoked by filing a notice of appeal within 30 days of the date the order to be reviewed is mailed by the lower tribunal to the parties, which date shall be the date of rendition. Appellant provides no authority for the assertion that the notice of appeal was timely because it was filed within 30 days of the date counsel received the order on appeal. Such a suggestion would be unworkable because the courts would have no way of confirming when a party received an order and could not accurately calculate the time for filing a notice of appeal. The fact that appellant did not receive the final order until the day after it was rendered does not extend the time to file the notice of appeal. See Jones v. Jones, 845 So.2d 1012 (Fla. 5th DCA 2003) (holding that the fact that a party did not receive immediate notice of rendition of a final judgment does not extend the time to file the notice of appeal).
APPEAL DISMISSED.
KAHN, POLSTON, and THOMAS, JJ., concur.