PER CURIAM.
 

 Appellant’s response to this court’s order to show cause dated April 7, 2010, failed to adequately illustrate why the appeal should not be dismissed as the notice of appeal was not timely filed. This court’s order specifically warned Appellant: “Failure to timely comply with this order may result in the imposition of sanctions, which may include dismissal of the appeal, without further opportunity to be heard. Florida Rule of Appellate Procedure 9.410.” By notice of appeal filed April 5, 2010, Appellant seeks review of an order rendered September 13, 2005. Ac
 
 *920
 
 cordingly, we DISMISS this appeal for lack of jurisdiction.
 
 See
 
 § 440.25(5)(a), Fla. Stat. (2005) (providing that orders of judges of compensation claims “shall become final 80 days after mailing of copies of such order to the parties” unless timely appealed); Fla. R.App. P. 9.180(b)(3) (providing this court’s jurisdiction is invoked if notice of appeal is filed within thirty days of rendition of order to be reviewed);
 
 see also, e.g., Metellus v. State,
 
 900 So.2d 491, 495 (Fla.2005) (noting jurisdictional rule cannot be altered by court or by agreement of parties);
 
 Troche v. BJ’s Wholesale Club, Inc.,
 
 954 So.2d 685, 686 (Fla. 1st DCA 2007) (“It is well settled that to be timely, a notice of appeal must be filed in the appropriate court within the appropriate time period.”);
 
 Metro. Dade County v. Vasquez,
 
 659 So.2d 355, 356 (Fla. 1st DCA 1995) (dismissing untimely appeal for lack of jurisdiction).
 

 DAVIS, CLARK, and WETHERELL, JJ., concur.