FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2022-4168
_____

U.S.A. LENDING, INC., and ZENA
M. BARDAWELL,

    Appellants,

    v.

STATE OF FLORIDA, OFFICE OF
FINANCIAL REGULATION,

    Appellee.

_____

On appeal from the Office of Financial Regulation.
Russell C. Weigel, III, Commissioner.

June 12, 2024

PER CURIAM.

Appellants appeal a final order of the Office of Financial Regulation revoking the mortgage lending license of U.S.A. Lending, Inc., and assessing an administrative fine. We affirm but note that Appellants may file a motion to vacate in the lower tribunal.

During the pendency of this appeal, the Office filed an unopposed motion to relinquish jurisdiction "to allow the agency to determine the specific matter of whether the appellant was served with reasonable notice of the administrative proceeding below, pursuant to section 120.569 of the Florida Statutes and Rule 28-

106.111 of the Florida Administrative Code." The motion stated that "[i]n light of new information, there may no longer be a need for appellate review depending on OFR's determination whether the appellant was served with reasonable notice of the agency's action against it." This Court denied the motion.

An agency may vacate its own order to address a due process violation. *See Millinger v. Broward Cnty. Mental Health Div. & Risk Mgmt.*, 672 So. 2d 24, 26 (Fla. 1996) (positing, in dicta, that an administrative agency may vacate its own order to remedy a due process violation); *Filarski v. Reemployment Assistance Appeals Comm'n*, 97 So. 3d 278, 281 (Fla. 4th DCA 2012) (noting that an agency may vacate and reenter its final orders where there has been a due process violation); *Sclease v. Constr. Indus. Licensing Bd.*, 881 So. 2d 98, 98 (Fla. 1st DCA 2004) (citing *Millinger* for the proposition that "an agency has authority to vacate and reenter otherwise final orders in order to avoid due process problems"). Appellants have not yet requested this relief from the agency, and we do not have the authority to grant that relief in the first instance on appeal regarding the final order before us, as it currently stands.

AFFIRMED.

B.L. THOMAS, M.K. THOMAS, and TANENBAUM, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Richard A. Greenberg, Rumberger, Kirk & Caldwell, P.A., Tallahassee, for Appellants.

Anthony Cammarata, General Counsel, Lisa Martin, Assistant General Counsel, Office of Financial Regulation, Tallahassee, for Appellee.